960

## In re PUBLIC INDUSTRIALS CORPORATION.

### No. 1432.

District Court, D. Delaware.

Jan. 31, 1944.

Caleb R. Layton, 3d (of Hastings, Stockly & Layton), of Wilmington, Del., and David Haar, of New York City, for petitioner.

William Poole (of Southerland, Berl & Potter), of Wilmington, Del., and R. Randolph Hicks, of New York City, for bankrupt.

LEAHY, District Judge.

Defendant filed a voluntary petition in bankruptcy. On November 15, 1943, an order was entered under 11 U.S.C.A. § 29 restraining one Gabrielson, an alleged creditor, and all other persons from proceeding in a pending action in the Supreme Court of the State of New York wherein Gabrielson is the plaintiff and the bankrupt the defendant. It is tacitly conceded that this court had the right to issue the injunction. Acme Harvester Co. v. Beekman Lumber Co., 222 U.S. 300, 32 S.Ct. 96, 56 L.Ed. 208; Ex parte Baldwin, 291 U.S. 610, 54 S.Ct. 551, 78 L.Ed. 1020. See, Collier, Bankruptcy (14 ed.) pp. 1132–1136, 1151.

Three motions have come on for hearing.

I. *The motions of Gabrielson and the bankrupt.* These two motions are interrelated. Both ask for a modification of the injunction issued on November 15, 1943 with respect to the New York action. It appears that Gabrielson commenced his suit in the New York state court on November 4, 1943. Even though the injunction issuing out of this court stayed the state action, Gabrielson urges that as the bankrupt failed to comply with § 263 of the Civil Practice Act of New York and certain Rules of the courts of that state, by filing its answer to his complaint on or before November 24, 1943, my injunctive order should be modified so as to permit him to move for a default judgment against the bankrupt in the New York proceeding. The bankrupt asks a modification of the injunction in order that it be permitted to file a petition in the Supreme Court of the State of New York asking for removal of the cause from that court to the United States District Court for the Southern District of New York.

I fail to follow Gabrielson's argument. It is difficult for me to conclude that the injunction, issuing out of this court, could legally stay the New York proceeding and at the same time allow the clock to tick against the bankrupt for purposes of default judgment. It may be that the New York court, in construing the Civil Practice Act of that state, especially § 263 and § 98, may hold otherwise. It seems to me, however, that on the date the injunction issued here, only eleven of the twenty days within which the bankrupt might file its answer had elapsed and it is apparent that the bankrupt, by virtue of the injunction, was inhibited from filing either its petition for removal or answer. In any event, I think the bankrupt should have the right

to file its motion for either permission to answer Gabrielson's complaint or to petition for removal. To this extent I shall modify the outstanding injunction. Accordingly, by granting the bankrupt's motion I am in effect granting also the motion of Gabrielson. The injunctive order shall be lifted and modified in part so as to permit each of the parties to apply to the New York state court for the purposes set forth in their respective motions.

II. *Motion of bankrupt for dismissal of these proceedings.* The moving papers indicate that the bankrupt is in a position to consummate a sale of certain of its assets which will permit it to pay all admitted debts. It offers to purchase, out of the cash received, United States bonds in an amount adequate to secure the principal and interest of all unadmitted debts; and to deposit the bonds for ultimate payment if such debts are found due. Among these is the alleged debt of Gabrielson. In order to determine if the offer to purchase the bankrupt's assets is bona fide, I have fixed a date for hearing on the application for dismissal and directed the bankrupt to comply with Sec. 58 of the Bankruptcy Act, 11 U.S.C.A. § 94, with respect to the notice to be given in connection with the hearing.

An order in conformity with the foregoing should be submitted.