CARDINAL FEDERAL SAVINGS & LOAN ASSOCIATION, APPELLEE, *v.* FLUGUM ET AL., APPELLANTS.

(No. 1209—Decided July 20, 1983.)

*Mr. Robert J. Birge,* for appellee.

*Mr. Michael Ernewein* and *Mr. Robert B. Weltman,* for appellants.

QUILLIN, P.J. Defendants Burns P. Flugum, Sally W. Flugum, and Frances J. Flugum appeal from a default judgment and an order of foreclosure. We affirm in part and reverse in part.

## Facts

On June 7, 1982, plaintiff Cardinal Federal Savings & Loan Association filed a complaint against Burns, Sally and Frances Flugum seeking foreclosure on certain real property secured by a mortgage and promissory note held by Cardinal Federal.

On June 8, 1982, Burns and Sally Flugum filed a joint voluntary petition in bankruptcy pursuant to Chapter 7 of Title 11 of the United States Code. On that day, the automatic stay provisions of Section 362(a) became effective and plaintiff was thereby stayed from proceeding with its foreclosure action against the petitioners in bankruptcy.

On August 9, 1982, the bankruptcy court issued an order abandoning the real property as an asset of the estate. This order had the effect of lifting the stay on Cardinal Federal's foreclosure action. On August 16, 1982, Cardinal Federal moved for a default judgment against the defendants.

On August 30, 1982, defendants filed an answer and a brief in opposition to plaintiff's motion for default, contending that they were entitled to twenty-eight days from August 9, 1982 within which to file their answer. Defendants argued that the automatic stay tolled the running of the answer time under Civ. R. 12(A)(1).

On October 27, 1982, the trial court granted plaintiff's motion for default judgment, finding that the filing of a petition in bankruptcy does not relieve a defendant from filing an answer within the time provided by the rule.

## Assignment of Error I

"The trial court erred in granting a default judgment against defendants-appellants, holding that an automatic stay issued by the Bankruptcy Court did not suspend the appellants' answer time in the state court foreclosure proceedings."

This appeal presents the question of whether the automatic stay provisions of Section 362 of the Bankruptcy Reform Act of 1978 (Section 362, Title 11, U.S. Code) toll the running of the time period within which a defendant-debtor must file an answer under Civ. R. 12(A)(1). The court below held that the time had not been tolled, and therefore, defendants were in default. We conclude otherwise, and partially reverse the default judgment entered for plaintiff.

Section 362(a), Title 11, U.S. Code provides in part:

"Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

"(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

"* * *

"(3) any act to obtain possession of property of the estate or of property from the estate;

"(4) any act to create, perfect, or enforce any lien against property of the estate;"

We believe that the running of the time during which a defendant-debtor must file an answer or be in default constitutes the continuation of a judicial proceeding against the debtor, and is, therefore, subject to the stay imposed by Section 362. The parties have not cited any case law which answers directly the

question posed. However, we are persuaded by the logic and reasoning expressed in the case of *In re Public Industrials Corp.* (D. Del. 1944), 53 F. Supp. 960, even though it was decided prior to the enactment of the automatic stay provisions. The court said at page 960:

"* * * It is difficult for me to conclude that the injunction, issuing out of this court, could legally stay the New York proceeding and at the same time allow the clock to tick against the bankrupt for purposes of default judgment. It may be that the New York court, in construing the Civil Practice Act of that state, especially §263 and §98, may hold otherwise. It seems to me, however, that on the date the injunction issued here, only eleven of the twenty eight days within which the bankrupt might file his answer had elapsed and it is apparent that the bankrupt, by virtue of the injunction, was inhibited from filing either its petition for removal or answer. * * *"

We find in the notes of Committee on Judicary, Senate Report No. 95-989, the following:

"The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy."

The purpose of the automatic stay in bankruptcy is to preserve the *status quo* as of the date of the commencement of bankruptcy proceedings. *In re H & W Enterprises, Inc.* (N.D. Iowa 1982), 19 Bankr. 582; *In re Miller* (Bankr. Ct. Md. 1981), 10 Bankr. 778. We think it clear that the *status quo* is substantially altered by permitting the time for the filing of a responsive pleading to run during the pendency of the stay. Accordingly, we hold that where judicial proceedings against a debtor have been stayed by operation of Section 362(a) of the Bankruptcy Reform Act of 1978, such proceedings are temporarily halted, and the answer time prescribed by the Rules of Civil Procedure is tolled as to the debtor until the stay has been removed.

In the case before us, defendants Burns and Sally Flugum filed their joint petition in bankruptcy on June 8, 1982, thereby staying Cardinal Federal's foreclosure action against them until August 9, 1982, at which time the bankruptcy court issued an order abandoning the subject real property as an asset of the estate. The answer time for Burns and Sally Flugum therefore began to run again on August 9, 1982, and had not yet expired when defendants' answer was filed on August 30, 1982. Since the answer of Burns and Sally Flugum was timely filed, the court below erred in rendering default judgment against them.

Appellee's reliance on Section 108(b), Title 11, U.S. Code is misplaced. That section limits the time within which the trustee or Chapter 13 debtor (*In re Morgan* [E.D. Pa. 1982], 23 Bankr. 700) may act. It does not apply to a Chapter 7 debtor. *Engine Rebuilders, Inc.* v. *Seven Seas Import-Export & Merc., Inc.* (Mont. 1980), 615 P. 2d 871.

However, Frances Flugum was not a party to the bankruptcy action. We agree with the overwhelming weight of authority that the automatic stay provisions only extend to the debtor filing bankruptcy proceedings and not to non-bankrupt co-defendants. See, *e.g., Pitts* v. *Unarco Industries, Inc.* (C.A. 7, 1983), 698 F. 2d 313; *Lynch* v. *Johns-Manville Sales Corp.* (S.D. Ohio 1982), 23 Bankr. 750; *In re Related Asbestos Cases* (N.D. Cal. 1982), 23 Bankr. 523; *In re UNR Industries, Inc.* (Bankr. Ct. Ill. 1982), 23 Bankr. 144; *Royal Truck & Trailer, Inc.* v. *Armadora Maritima Salvadorena*, S.A. (N.D. Ill. 1981), 10 Bankr. 488. Thus, the automatic stay did not operate to toll the answer time of Frances Flugum which expired twenty-eight days after July 6, 1982, the

date of service of the complaint and summons upon her.

For the foregoing reasons, the assignment of error is sustained as to defendants Burns and Sally Flugum, and overruled as to defendant Frances Flugum.

### Assignment of Error II

"The trial court erred in granting a default judgment against defendants-appellants after appellants had filed their answer prior to the hearing or entry of the default judgment."

In light of our disposition of the first assignment of error, the second assignment of error is moot with respect to Burns and Sally Flugum. As stated above, defendants' joint answer was timely filed for Burns and Sally Flugum, but was untimely for Frances Flugum. The record does not reflect any extension granted to Frances. Civ. R. 6(B) states, in part, that:

"When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; * * *"

Moreover, Civ. R. 7(B)(1) provides that motions other than those made during a hearing or at trial "shall be made in writing" and "shall state with particularity the grounds therefor, and shall set forth the relief or order sought." An examination of the record reveals no motion seeking leave to file Frances' proposed answer.

It is contended that the court should have treated the defendants' brief in opposition to Cardinal Federal's motion for default judgment as a motion for leave to plead. It is clear, however, this brief in opposition does not comport with the requirements of Civ. R. 6(B) and 7(B)(1). Thus, we cannot say the court committed an abuse of its discretion by refusing to consider Frances Flugum's proposed answer. *Miller* v. *Lint* (1980), 62 Ohio St. 2d 209 [16 O.O.3d 244].

### Summary

The default judgment rendered against the defendant Frances Flugum is affirmed. The judgment rendered against the defendants Burns and Sally Flugum is reversed and the cause is remanded for further proceedings in accordance with law.

*Judgment accordingly.*

BAIRD and GEORGE, JJ., concur.