[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
This is an accelerated appeal from an order of the Huron County Court of Common Pleas granting appellee Huron County Treasurer's motion for default judgment.
The undisputed relevant facts of this case are as follows. On January 5, 1996, appellee filed a complaint for foreclosure, alleging that the amount of $2,882.66 was due for accrued and delinquent taxes, assessments and penalties in regard to the premises described in the preliminary judicial report attached to the complaint. That report stated that the titleholder of the premises was Barney Thomas, a/k/a Barney E. Thomas. The complaint also alleges that other named defendants claim to have an interest in the described property. On January 26, 1996, appellant Barney Thomas filed a motion for leave to plead on or before February 28, 1996. Appellant filed a Chapter 7 petition in bankruptcy on April 25, 1996. The bankruptcy court granted a discharge to appellant on August 12, 1996, and a notice of discharge was sent to creditors. On September 30, 1996, an automatic stay was lifted by the bankruptcy court and the bankruptcy case was closed.
On December 3, 1996, appellee Huron County Treasurer filed a motion for default judgment in the trial court and appellant filed a response to the motion on December 19, 1996. On December 27, 1996, the trial court denied the motion for default judgment, finding that appellant defended the foreclosure action by filing a petition in bankruptcy. The Huron County Treasurer filed a motion for reconsideration and the trial court found that motion well-taken, ordering that a default judgment be entered against appellant. An entry of foreclosure and order of sale was issued by the court on February 27, 1997, and a second entry of foreclosure and order of sale modifying liens was filed June 24, 1997. The property was sold at sheriff's sale on October 20, 1997.
Appellant filed a timely notice of appeal from the June 24, 1997 judgment entry and asserted the following assignments of error:
 "1. Because Appellant otherwise defended this action by filing his bankruptcy petition and other pleadings in the court below it was error for the trial court to grant Appellees (sic) motion for default judgment.
 "2. The Trial Court Abused its Discretion When It Granted Appellee's Motion for Default Judgment and Denied Appellant's Motion for Leave to File an Answer.
 "3. The Trial court erred by reinstating the case on the active docket and proceeding directly to determine Appellee's motion without adequate notice to Appellant."
In appellant's first assignment of error, he alleges that default judgment should not have been granted on the foreclosure action because he defended such action by filing bankruptcy, and the dischargeability of the claim for real estate taxes is in dispute. It is clear that while the filing of a bankruptcy petition results in an automatic stay in proceedings against a debtor, such proceedings are only temporarily halted and the answer time prescribed by the Rules of Civil Procedure is tolled as to the debtor until the stay has been removed. CardinalFederal S. L. Assn. v. Flugum (1983), 10 Ohio App.3d 243, 245. In this case, substantially more than twenty-eight days expired after the automatic stay was lifted without an answer being filed by appellant. Accordingly, the first assignment of error is not well-taken.
The second assignment of error is based on appellant's contention that the trial court abused its discretion in denying his motion for leave to file an answer and granting default judgment. While granting or denying a motion to plead is within the discretion of the court, Civ.R. 6(B) provides that a court does not have discretion to grant an extension to plead after the expiration of the authorized time period in the absence of a demonstration of excusable neglect. The record in this matter is devoid of any showing of excusable neglect. Therefore, we find that the trial court properly denied appellant's motion for leave to file an answer and the second assignment of error is not well-taken.
Appellant's third assignment of error alleges that the trial court erred by reinstating the case on the active docket and determining appellee's motion for reconsideration without adequate notice to appellant. First of all, the record shows that this case was active and pending at the time of the filing of the motion for reconsideration. As for appellant's allegation that he did not receive proper notice in this matter, the record is clear that appellant had notice of the filing of the motion for default and he did file a response to that motion. Additionally, a copy of the motion for reconsideration was mailed to counsel for appellant. Appellant's third assignment of error is not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining and the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _______________________________ George M. Glasser, J.
JUDGE
 _______________________________ James R. Sherck, J.
JUDGE
 _______________________________ Richard W. Knepper, J.
JUDGE
CONCUR.