JOURNAL ENTRY and OPINION
Appellants Thomas and Segerna Sowell appeal from an order issuing a bankruptcy stay of their action against appellees United Companies Lending Corporation (UCLC), Brooks Financial Corporation, and NETCO, Inc. for violations of the Truth in Lending Act, the Real Estate Settlement Procedures Act, Ohio's Mortgage Broker Registration Act and Ohio's Racketeer Influenced and Corrupt Organizations Act. The Sowells assign the following two errors for our review:
 I. THE TRIAL COURT ABUSED ITS DISCRETION BY RENDERING A FINAL DECISION WITH RESPECT TO PLAINTIFF'S CLAIMS, BASED UPON NOTICE THAT ONE OF THREE DEFENDANTS HAD FILED BANKRUPTCY.
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY RENDERING FINAL DECISION WITH RESPECT TO PLAINTIFFS' CLAIMS AGAINST NON-DEBTOR CO-DEFENDANTS BASED UPON NOTICE THAT THE DEBTOR CO-DEFENDANT HAD FILED BANKRUPTCY.
Having reviewed the record and the legal arguments of the parties, we affirm the trial court's decision and remand this matter to the trial court to correct its journal entry to read:
 All matters stayed pending the bankruptcy. The apposite facts follow.
On Nov. 12, 1998, Thomas and Segerna Sowell sued three named defendants: United Companies Lending Corporation (UCLC), Brooks Financial Corp., and NETCO, Inc. In substance, the complaint alleged that UCLC violated the federal Truth-in Lending laws and that all of the named defendants violated the Ohio RICO law, committed fraud, violated the Real Estate Settlement Procedure law, and alleged a civil conspiracy.
The lawsuit initiated from a $15,000 loan from UCLC. The Sowells joined Brooks Financial as the broker of the loan, and NETCO as the title and escrow company on the loan. Five months after the filing of the action, UCLC filed bankruptcy. A month later, the Sowells notified the trial court that they had filed for relief from the bankruptcy stay. The next day the trial court issued a journal entry, which read: Notice of Bankruptcy. Final. The record does not show that the trial court stayed the proceedings pending the bankruptcy; however, we conclude that this was the court's intention.
The Sowells appealed the trial court's decision and challenged the stay as it pertains to the non-bankrupt parties Brooks Financial and NETCO, Inc. Specifically, they argue the trial court abused its discretion in granting the stay as to the non-bankrupt parties. We review both errors together and conclude both lack merit.
Historically, the case law has held an automatic bankruptcy stay generally does not preclude the continuation of the proceedings against the non-bankrupt parties. Cardinal Federal S L Assn. v. Flugum (1983), 10 Ohio App.3d 243, 245,461 N.E.2d 932, 934, Kingsmen Enterprises, Inc. v. Kasunic (Feb. 17 1994), Cuyahoga App. No. 64720, unreported; Terry v. SMJ Growth Corp. (March 2, 2000), Cuyahoga App. No. 76083, unreported; and Slater v. Haffey (Feb. 6, 1992), Cuyahoga App. No. 59659.
However, the trial court's judgment in cases involving both bankrupt and non-bankrupt parties must satisfy the requirements of Civ.R. 54(B) to be immediately appealable. Kingsmen Enterprises, Inc. Both parties agree that the Sowells challenge against the stay is appealable. See Sorg v. Montgomery Ward Co., Inc. (Dec. 17, 1998), Erie App. No. E-98-057, (granting a stay of the entire action as to all claims of all parties when one party files bankruptcy may be a final, appealable order under the provisional remedies subsection of R.C. 2505.02.)
The only question for us is whether the trial court abused its discretion when it stayed the proceedings against the non-bankrupt parties. We conclude the trial court did not abuse its discretion.
The trial court's granting of a stay pending the outcome of a bankruptcy proceedings where the facts reveal an identity of interest between all of the defendants (bankruptcy and non-bankruptcy) is not an abuse of the trial court's discretion. See Sorg v. Montgomery Ward Co., Inc. (June 30, 1999), Erie App. No. E-98-057, unreported.
Additionally, we held in Kingsmen, the following:
 [C]ourt of appeals has recognized that even when a reviewing court has jurisdiction to review a final order of a trial court, an appeal should nevertheless be dismissed when the court of appeals lacks jurisdiction to simultaneously review inter-related orders on matters which remain pending in the trial court. See Ollick v. Rice (1984), 16 Ohio App.3d 448.
The Ollick Court stated as follows:
 Where parties and issues contained in two trial court orders are so related and interconnected that for purposes of judicial economy they should be considered together, an appellate court is without jurisdiction to entertain appeals, only one of which is appealable pursuant to Civ.R. 54(B).
Id. at syllabus, paragraph one. Kingsmen at 4.
Consequently, we conclude that sound principles of judicial economy warrant avoiding duplicative and piece-meal litigation in this case where the Lender-Bankrupt and the remaining non-bankrupt parties are so interconnected.
We, however, recognize the trial court's journal is inadequate. Recently, in Terry v. SMJ Growth Corp., we encountered the same language in a similar bankruptcy stay. In Terry, we held the trial court's designation final meant that the matter was stayed pending bankruptcy and did not dispose of the matter. Accordingly, we remand to the trial court with directions to correct the entry. Otherwise, we affirm the trial court's stay pending the outcome of the bankruptcy.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. Case remanded to the trial court with directions to correct the entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ___________________________ PATRICIA ANN BLACKMON, J.
JAMES M. PORTER, J., CONCUR.
TERRENCE O'DONNELL, P.J., CONCURS WITH ATTACHED CONCURRING OPINION