OPINION
{¶ 1} Plaintiff-appellant Molly Chronister appeals from the November 13, 2002, Judgment Entry of the Richland County Court of Common Pleas which dismissed appellant's claim. Defendants-appellees are Scores of Mansfield, Inc. dba Entertainment City and Eugene Deal.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On June 10, 2002, appellant, Molly Chronister brought a premises liability action in the Richland County Court of Common Pleas for personal injury sustained by appellant. Appellant's complaint alleged that the appellees negligently maintained the facility at which she was injured. The defendants were Scores of Mansfield, Inc., dba Entertainment City, Eugene Deal, and three John Doe defendants.
 {¶ 3} On October 16, 2002, appellee Deal filed a Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings. The Notice informed the trial court that defendant Deal had filed a voluntary petition for relief on July 3, 2001, under Chapter 11 of the United States Bankruptcy Code. On November 13, 2002, the trial court issued an "Order to Dismiss Case Because of Bankruptcy." The dismissal was other than on the merits and without prejudice. Further, the Order allowed the case to be retroactively reactivated upon a "motion for good cause shown." November 13, 2002, Order of Dismissal.
 {¶ 4} It is from the November 13, 2002, Judgment Entry that appellant appeals, raising the following sole assignment of error:
 {¶ 5} "THE TRIAL COURT ERRED IN DISMISSING THIS CASE."
 {¶ 6} In the sole assignment of error, appellant contends that the trial court erred when it dismissed the case. Appellant contends that the trial court should have stayed the matter rather than dismissing the matter. We agree.
 {¶ 7} Federal law mandates a stay of proceedings upon the filing of a petition for bankruptcy. See 11 U.S.C. § 362. In this case, the trial court held as follows: "This case is therefore dismissed other than on the merits and without prejudice. This case may be reactivated upon the motion for good cause shown of the plaintiff or any cross claiming defendant, and that reactivation will be retroactive to the original filing date and without a new filing fee."
 {¶ 8} We find that the trial court erred in dismissing the case rather than staying the proceedings. While the trial court's use of the phrases "may be reactivated" and "will be retroactive to the original filing date" leads to a suggestion that the trial court's actions were tantamount to a stay, see Page v. Riley, 85 Ohio St.3d 621,1999-Ohio-290, 710 N.E.2d 690, the trial court stated that the action was dismissed.[1] If the trial court intended to issue a stay, it should have stated as much. Because the trial court dismissed the case, we agree with appellant that the trial court erred.
 {¶ 9} Appellant goes further and suggests that the stay should have been granted only in regard to appellee Deal. The automatic stay provisions of 11 U.S.C. § 362 extend only to the debtor who has filed bankruptcy proceedings, not to other non-bankrupt co-defendants. CardinalFed. S. L. Assn. v. Flugum (1983), 10 Ohio App.3d 243, 245,461 N.E.2d 932. However, a court can stay the matter in regard to other parties if there is a sufficient identity of interest between bankrupt and non-bankrupt parties. See Sowell v. United Companies Lending Corp. (July 27, 2000), Cuyahoga App. No. 76389, 2000 WL 1036239; Carpet Gallery ofAkron, Inc. v. Bloniarz, Summit App. No. 20849. The determination of whether to issue a stay of proceedings against the other parties to the action rests within the court's discretion. State ex rel. Verhovec v.Mascio (1998), 81 Ohio St.3d 334, 336, 691 N.E.2d 282.
 {¶ 10} Pursuant to our finding that the trial court erred in dismissing this matter, we must remand this matter to the trial court to issue a stay. At that time, the trial court shall exercise its discretion to determine whether the stay should be issued as to Deal only or to any or all other parties.
 {¶ 11} Accordingly, appellant's assignment of error is sustained.
 {¶ 12} The judgment of the Richland County Court of Common Pleas is reversed and the matter is remanded for further proceedings.
By: Edwards, J. Gwin, P.J. and Farmer, J. concur.
[1] In that the trial court entered a dismissal of the matter, we find that the order appealed from constitutes a final, appealable order.