OPINION
{¶ 1} Appellant Dr. Gary Smith ("Dr. Smith") appeals the decision of the Court of Common Pleas, Stark County, which granted default judgment in an action filed by Appellee Advanced Clinical Management, Inc. ("ACM"). The relevant facts leading to this appeal are as follows.
 {¶ 2} On September 16, 2002, ACM filed a two-count complaint against Dr. Smith and Salem Chiropractic Center, Inc. ("Salem"). The first count of the complaint sought judgment against Salem only in the amount of $19,000 on a cognovit promissory note. The second count of the complaint sought judgment for Salem's alleged breach of a consulting agreement entered into between ACM and Salem in November 1998. The second count also sought judgment against Dr. Smith for his alleged breach of an agreement to certain obligations under the consulting agreement.
 {¶ 3} On September 16, 2002, the trial court granted judgment by confession as to the first count of ACM's complaint.
 {¶ 4} Appellant initially had problems obtaining service of process on Salem and Dr. Smith. The first attempt at certified mail service at 2303 E. State St., Suite C, Salem, Ohio, was marked by postal authorities as "forwarding order expired" on both defendants' envelopes. However, on November 15, 2002, after another attempt at service, this time at 568 E. State St., Salem, Ohio, both defendants were duly served by certified mail.
 {¶ 5} On January 16, 2003, Dr. Smith filed a motion for leave to plead instanter. The trial court denied same on February 6, 2003. The next day, ACM filed a motion for default judgment. The trial court granted default judgment against Dr. Smith on February 10, 2003, in the amount of $19,000 plus interest.
 {¶ 6} On February 24, 2003, Dr. Smith filed a response to ACM's default motion, a motion for leave to plead instanter, and a "motion for reconsideration." The trial court denied said motions on March 11, 2003.
 {¶ 7} Appellant Dr. Smith filed a notice of appeal from the aforesaid default judgment on March 11, 2003.[1] He herein raises the following two Assignments of Error:
 {¶ 8} "I. The Trial Court Erred In Granting Default Judgment In Violation Of Ohio Rule Of Civil Procedure 55(A).
 {¶ 9} "II. The Trial Court Erred In Denying Defendant-appellant, Dr. Gary Smith's Motion For Leave To Plead Instanter."
 I. {¶ 10} In his First Assignment of Error, appellant argues the trial court erred in granting default judgment. We agree.
 {¶ 11} Civ.R. 55 states in pertinent part:
 {¶ 12} "(A) Entry of judgment
 {¶ 13} "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."
 {¶ 14} As an initial matter, we address Appellee ACM's response that Dr. Smith has waived any Civ.R. 55(A) arguments by failing to raise the issue before the trial court. See, e.g., State v. 1981 Dodge Ram Van
(1988), 36 Ohio St.3d 168, 170. In support, ACM cites U.S. v. $22,640 inUnited States Currency (U.S.C.A.5, 1980), 615 F.2d 356, 359. ACM correctly notes that Dr. Smith failed to raise before the trial court the specific issue of a potential Civ.R. 55(A) irregularity. However, we note appellant did argue that "[p]ursuant to Stark County Local Rules, Smith has fourteen days after service to respond to the [default] motion." See Smith's Motion of February 24, 2003, at 2. Furthermore, Stark County Local Rule 27.01 states that default shall be taken pursuant to Civ.R. 55. We therefore find Smith adequately protected the Civ.R. 55(A) issue for appeal, and we find unnecessary further analysis of the doctrine of waiver as it applies to said civil rule.
 {¶ 15} In Bolon's Custom Kitchens, Inc. v. Lexas Bldg. Corp. (Dec. 16, 2002), Stark App. No. 2002CA00191, the appellant, Stonebridge Glen, LLC, appealed the granting of a default judgment in favor of appellee Bolon's Custom Kitchens, Inc. Stonebridge similarly argued that the court erred in entering default judgment, as the court failed to give appellant seven days notice, as required by Civ.R. 55(A). We concluded that Stonebridge had "appeared in the action" for purposes of triggering the Civ.R. 55 notice requirement, and accordingly reversed the default judgment for the court's failure to give the appropriate seven-day notice.
 {¶ 16} In the case sub judice, there is no dispute that Smith entered an appearance via counsel on January 16, 2003. Although ACM suggests that the Civ.R. 55(A) violation be analyzed under a "harmless error" standard, the Ohio Supreme Court has recognized that due process requires a defendant in Smith's position to be served with written notice of an application for default judgment seven days prior to the hearing on the merits thereof. See Amca Internatl. Corp. v. Carlton (1984),10 Ohio St.3d 88. As such, we find Smith's argument well-taken.
 {¶ 17} Appellant's First Assignment of Error is sustained.
 II. {¶ 18} In their Second Assignment of Error, appellant argues the trial court erred in denying his motion for leave to plead instanter. However, at the oral argument held before this Court, appellant's counsel withdrew this portion of argument. We will therefore not address the Second Assignment of Error. See, e.g., Young v. Young (April 19, 1999), Licking App. Nos. 98CA56, 98CA79.
 {¶ 19} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
[1] Salem thereafter filed a notice of appeal as to the denial of a Civ.R. 60(B) motion it had filed in the case sub judice. Salem's appeal has not been consolidated with the within appeal.