OPINION
{¶ 1} Appellants Schaffer Sons, et al. ("Schaffer 
Sons") appeal the decision of the Stark County Court of Common Pleas that denied their motion for relief from judgment. Appellants also claim the default judgment is void ab initio. The following facts give rise to this appeal.
 {¶ 2} This lawsuit concerns an account which Appellant Brian Schaffernocker, a.k.a. Schaffer, Appellant Gary Schaffernocker, a.k.a. Schaffer, Appellant Kermit Schaffernocker, a.k.a. Schaffer, and Randy Schaffernocker, a.k.a. Schaffer, opened with Appellee Waco Scaffolding Equipment Company ("Waco") in June 1987. The account was opened in the name of Schaffer Sons, an Ohio general partnership.
 {¶ 3} The account remained open and unchanged until February 2002, when Waco placed it on hold for non-payment. During the duration of the account, each appellant utilized the account individually and as a partnership known as Schaffer Sons. In December 1990, three and one-half years after the account was opened, appellants formed an Ohio corporation called "Schaffer Sons Construction, Inc." This corporation did not establish an account with Waco. Despite the formation of the corporation, appellants continued to operate as a partnership known as Schaffer Sons.
 {¶ 4} On May 14, 2002, Waco filed a complaint against appellants on an unpaid account or, alternatively, for goods sold and services rendered. The complaint specifically alleged each of the appellants owed Waco on the account. Appellant Kermit Schaffer received service of the summons and complaint for each appellant. Thereafter, on May 22, 2002, Schaffer Sons, Inc. filed bankruptcy. On June 10, 2002, Waco dismissed Schaffer Sons, Inc. from the lawsuit. The lawsuit proceeded against appellants.
 {¶ 5} The record indicates appellants failed to file an answer. Waco moved for default judgment. The trial court granted default judgment, against appellants, on July 15, 2002. On February 4, 2003, appellants filed a motion for relief from judgment. The trial court conducted a hearing on appellants' motion. On April 8, 2003, the trial court filed its judgment entry denying appellants' motion.
 {¶ 6} Appellants timely filed a notice of appeal and set forth the following assignments of error for our consideration:
 {¶ 7} "I. The Trial Court committed error by failing to grant the motion to vacate the default judgment.
 {¶ 8} "II. The default judgment is void ab initio."
 I {¶ 9} Appellants maintain, in their First Assignment of Error, the trial court abused its discretion when it denied their motion to vacate the default judgment. We disagree.
 {¶ 10} Appellants seek relief from judgment under Civ.R. 60(B(1) and (5). This rule provides, in pertinent part:
 {¶ 11} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (1) mistake, inadvertence, surprise or excusable neglect; * * * (5) any other reason justifying relief from the judgment. * * *"
 {¶ 12} The Ohio Supreme Court has defined "excusable neglect" in the negative by stating that "* * * the inaction of a defendant is not `excusable neglect' if it can be labeled as a `complete disregard for the judicial system.' " Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18,20, citing GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, 153. Furthermore, the Supreme Court has held that the term must be liberally construed, keeping in mind that Civ.R. 60(B) represents "`an attempt to "strike a proper balance between the conflicting principles that litigation must be brought to an end and justice should be done.' "Colley v. Bazell (1980), 64 Ohio St.2d 243,248. In determining whether a party's actions amount to excusable neglect, courts must look to the facts and circumstances of each case.D.G.M., Inc. v. Cremeans Concrete Supply Co., Inc. (1996),111 Ohio App.3d 134, 138.
 {¶ 13} Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64, paragraph one of the syllabus. It is not to be used as substitute relief on other grounds when it is too late to seek relief on such grounds. Cerney v. Norfolk W. Ry. Co. (1995),104 Ohio App.3d 482, 491. This catch-all provision is to be used in the extraordinary and unusual case when the interest of justice warrants it. Id. The grounds for invoking this provision should be substantial.Caruso-Ciresi, Inc. at 66.
 {¶ 14} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that he has a meritorious defense or claim to present if relief is granted; that he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and that the motion is made within a reasonable time. GTE Automatic Electric,Inc., supra, at paragraph two of the syllabus. The standard by which we review a trial court's decision on a Civ.R. 60(B) motion is abuse of discretion. Kay, supra, at 19. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 15} In support of this assignment of error, appellants maintain there is no evidence they had a complete disregard for the justice system. Instead, appellants believed Waco's lawsuit against them was automatically stayed due to the filing of the bankruptcy action. Further, appellants maintain they have a viable defense that this account is a corporate account and not a partnership account and therefore, this debt was discharged in bankruptcy.
 {¶ 16} In its judgment entry, the trial court determined excusable neglect did not exist for two reasons. First, the court found, based upon testimony presented at the hearing, that appellants knew they had been sued individually and that the corporation had also been sued. Judgment Entry, Apr. 8, 2003, at 4. Second, the trial court also determined testimony established that the account appellants opened with Waco was opened in the name of the partnership and not the corporation. Id.
 {¶ 17} Based upon the facts and circumstances of this case, the trial court did not abuse its discretion when it determined appellants' belief that Waco's lawsuit against them was automatically stayed due to the bankruptcy was not excusable neglect. Further, we also conclude appellants are not entitled to relief under Civ.R. 60(B)(5). Substantial grounds do not exist to invoke this provision of Civ.R. 60(B) since the record establishes that appellants knew Waco sued them individually in addition to suing the corporation.
 {¶ 18} Appellants' First Assignment of Error is overruled.
 II {¶ 19} In their Second Assignment of Error, appellants contend the default judgment is void ab initio. We disagree.
 {¶ 20} Appellants maintain Waco's complaint violated the automatic stay. The record indicates only Schaffer Sons, Inc. filed for bankruptcy, not appellants, individually. Although Waco originally named Schaffer Sons, Inc. in its complaint, it subsequently dismissed the corporation from the lawsuit due to the bankruptcy proceedings filed by the corporation. In Cardinal Fed. Savings Loan Assoc. v. Flugum
(1983), 10 Ohio App.3d 243, the Ninth District Court of Appeals addressed the issue of whether the automatic stay provisions apply to a party that is not a party to the bankruptcy. The court held:
 {¶ 21} "We agree with the overwhelming weight of authority that the automatic stay provisions only extend to the debtor filing bankruptcy proceedings and not to non-bankrupt codefendants. [Citations omitted.] Thus, the automatic stay did not operate to toll the answer time of Frances Flugum which expired twenty-eight days after July 6, 1982, the date of service of the complaint and summons upon her." Id. at 245-246.
 {¶ 22} Similarly, in the case sub judice, appellants, individually and as a partnership, did not file for bankruptcy. Only Schaffer 
Sons, Inc. filed for bankruptcy. Therefore, the automatic stay provisions only stayed this matter as it pertained to the corporation. Thus, Waco's lawsuit, against appellant's individually, did not violate the automatic stay.
 {¶ 23} Appellants also argue, under this assignment of error, the default judgment submitted by Waco, to the trial court, was erroneous and against the allegations in the complaint. Specifically, appellants maintain the trial court's judgment entry awards more interest than permitted by law. We will not address the merits of this argument as appellants failed to raise it in the trial court. See Advanced ClinicalMgmt., Inc. v. Salem Chiropractic Center, Inc., Stark App. No. 2003CA00112, 2003-Ohio-6173, at ¶ 14. Such an argument could have been raised as a meritorious ground for relief under Civ.R. 60(B). However, the record indicates appellants failed to do so. In addition to failing to raise this argument, counsel for appellants admitted, at the hearing, that they were only arguing whether the judgment should be set aside, not whether the amount of the judgment was incorrect. Tr. Mar. 13, 2003, at 25-26.
 {¶ 24} Appellants' Second Assignment of Error is overruled.
 {¶ 25} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J. Hoffman, P.J., and Boggins, J., concur.