OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Appellant, Greater Cleveland Auto Auction (GCAA), appeals the decision of the Mahoning County Court of Common Pleas that granted Civ.R. 60(B) relief to Appellees, S.T.S.E. Corp., d.b.a. Plaza Auto Sales, and Stephen Sofocleous (collectively Plaza Auto), arguing that Plaza Auto never created a genuine issue of material fact and, therefore, that the trial court should have let its original entry granting summary judgment to GCAA stand.
 {¶ 2} In order to obtain Civ.R. 60(B) relief, Plaza Auto had to demonstrate a meritorious claim, grounds for that relief, and the timeliness of its motion, and has demonstrated neither a meritorious claim nor grounds for relief. Plaza Auto had the obligation to introduce some evidence supporting its claim and motion, rather than simply pointing to the procedural similarities between itself and GCAA. Thus, it failed to meet its obligation under the rule. The trial court's decision vacating its summary judgment award to GCAA is reversed.
 Facts {¶ 3} The underlying facts of this case are straightforward, but a full description of its current procedural posture is more complex. The following facts are only those relevant to our resolution of this appeal.
 {¶ 4} In 2001, Boardman Nissan sold a used 1997 Nissan Pathfinder to Randy and Cathy Stringer. The indicated mileage on the vehicle at the time of that sale was 47,095. Subsequently, the Stringers suspected that the mileage indicated on the odometer was incorrect and that it had been rolled back to reflect a lesser mileage. Eventually, the Stringers began a chain of lawsuits in which the previous owners of the vehicle sought to indemnify themselves against the claim brought by the successive owners of the vehicle. Plaza Auto was one of those previous owners since it purchased the vehicle from GCAA and sold it to Boardman Nissan.
 {¶ 5} In February 2004, GCAA moved for summary judgment, arguing that Plaza Auto's claims of fraud and misrepresentation were meritless. GCAA supplemented its motion in April 2004 with additional evidence supporting its motion. Plaza Auto filed its own motion for summary judgment against Boardman Nissan on April 29, 2004, arguing that the evidence demonstrated it did not have a reason to know or suspect that the odometer had been altered. Plaza Auto then responded to GCAA's motion, arguing that both it and GCAA were similarly situated and that if the trial court granted summary judgment to GCAA, then it should also grant summary judgment to Plaza Auto. Plaza Auto did not attach any evidentiary material to its response to GCAA's motion for summary judgment. On May 4, 2004, the trial court granted summary judgment to both GCAA and Plaza Auto and found there was no just cause for delay.
 {¶ 6} Boardman Nissan moved for relief from the trial court's May 4th order since the trial court did not give it the requisite time to respond to Plaza Auto's motion for summary judgment before ruling on that motion. It then responded to Plaza Auto's motion for summary judgment.
 {¶ 7} Before the trial court could rule on the pending Civ.R. 60(B) motion, Boardman Nissan filed a notice of appeal from the May 4th judgment and Plaza Auto cross-appealed. That appeal was assigned Case Number 04 MA 105. While the matter was pending before us, Boardman Nissan moved to remand the matter so the trial court could rule on the pending motion for Civ.R. 60(B) relief. We granted that motion on August 16, 2004, and the trial court granted Boardman Nissan's motion for relief from the May 4th judgment. Boardman Nissan then voluntarily dismissed its appeal from that judgment.
 {¶ 8} After the trial court granted Civ.R. 60(B) relief to Boardman Nissan, Plaza Auto renewed its motion for summary judgment. After Boardman Nissan responded, the trial court denied Plaza Auto's motion for summary judgment.
 {¶ 9} Since Plaza Auto cross-appealed the May 4th judgment, Boardman Nissan's decision to dismiss its appeal did not divest us of jurisdiction over the case. After the trial court denied its motion for summary judgment against Boardman Nissan, Plaza Auto moved the trial court for relief from the May 4th decision granting summary judgment to GCAA and GCAA responded. We granted a limited remand so the trial court could rule on that motion and it eventually granted Plaza Auto's Civ.R. 60(B) motion for relief from the May 4th judgment. It is from this judgment that GCAA timely appeals.
 Standard of Review {¶ 10} In its sole assignment of error, GCAA argues:
 {¶ 11} "The trial court abused its discretion in granting Appellee Plaza Auto's motion for relief from judgment."
 {¶ 12} "Civ.R. 60(B) is a mechanism whereby a party or parties may obtain relief by motion from a judgment or order."In re Whitman, 81 Ohio St.3d 239, 242, 1998-Ohio-0466. A party may obtain relief either through the full vacation of the prior judgment or by partial vacation or modification of that judgment. Id. at 243. Civ.R. 60(B) is remedial and should be liberally construed so the ends of justice may be served. Kay v. MarcGlassman, Inc., 76 Ohio St.3d 18, 20, 1996-Ohio-0430. To prevail on a Civ.R. 60(B) motion, the movant must demonstrate: 1) a meritorious defense or claim to present if relief is granted; 2) the movant is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and, 3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE Automatic Elec.
at paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." Strack v.Pelton, 70 Ohio St.3d 172, 174, 1994-Ohio-0107.
 {¶ 13} A motion for relief from judgment pursuant to Civ.R. 60(B) may not be used as a substitute for a timely appeal. Doev. Trumbull Cty. Children Serv. Bd. (1986), 28 Ohio St.3d 128,131. Thus, the movant's arguments must not merely reiterate arguments which concern the merits of the case and could have been raised on appeal. Manigault v. Ford Motor Co. (1999),134 Ohio App.3d 402, 412.
 {¶ 14} When reviewing a trial court's decision regarding a Civ.R. 60(B) motion for relief from judgment, that decision will not be reversed unless the trial court abuses its discretion.Strack at 174. The term "abuse of discretion" constitutes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 Meritorious Claim {¶ 15} The first prong of the GTE Automatic Elec. test requires that the movant demonstrate that it can present a meritorious claim if relief is granted. In order to satisfy this prong, a movant need only allege a meritorious claim, not prove that it will prevail on that defense. Masters Tuxedo Charleston,Inc. v. Krainock, 7th Dist. No. 02 CA 80, 2002-Ohio-5235, at ¶ 8. This requires the movant to allege operative facts "with enough specificity to allow the trial court to decide whether he or she has met that test." Syphard v. Vrable (2001),141 Ohio App.3d 460, 463.
 {¶ 16} Plaza Auto argues it meets this prong because its claim against GCAA is virtually identical to Boardman Nissan's claim against it. According to Plaza Auto, if the trial court cannot grant it summary judgment on Boardman Nissan's claim, then it should not be able to grant summary judgment on its claim against GCAA.
 {¶ 17} GCAA contends that although the respective claims are similar, the evidence the non-movant introduced at the summary judgment level was vastly different. GCAA argues that Boardman Nissan (acting as the non-movant) introduced evidence establishing a genuine issue of material fact while Plaza Auto (acting as the non-movant) did not. Since Plaza Auto failed to introduce any evidence at the summary judgment level, GCAA argues that it cannot demonstrate a meritorious claim now.
 {¶ 18} Neither party's argument is completely correct. For instance, Plaza Auto's failure to present any evidence supporting its claim in response to GCAA's motion for summary judgment does not prevent it from demonstrating a meritorious claim for the purposes of Civ.R. 60(B). If this were the case, then any plaintiff who has summary judgment granted against it because it failed to respond to the motion would be barred from obtaining Civ.R. 60(B) relief. The Rule does not paint with so broad a brush. If a plaintiff fails to respond to a motion for summary judgment through no fault of his own (for example, if he was not served with a copy of the motion), then he would still have the opportunity to demonstrate a meritorious claim once he moved to vacate the adverse judgment. The reason for his failure to present any evidence would be analyzed under GTE AutomaticElec.'s second prong, whether one of the grounds in Civ.R. 60(B)(1)-(5) exist.
 {¶ 19} This principle was followed in Pearce v. Church Mut.Ins. Co., 9th Dist. No. 02CA0101-M, 2003-Ohio-3147. In that case, the plaintiff failed to respond to the defendant's motion for summary judgment and, after the trial court granted that motion, moved for Civ.R. 60(B) relief. The trial court granted that relief, but its decision was reversed on appeal because the plaintiff failed to attempt to demonstrate whether her claim against the defendant was meritorious. Id. at ¶ 13-14. Thus, the plaintiff's failure to introduce any evidence in response to the motion for summary judgment did not prevent it from demonstrating a meritorious defense when moving for Civ.R. 60(B) relief.
 {¶ 20} However, Plaza Auto cannot demonstrate a meritorious defense simply by pointing to the similarities between Boardman Nissan's claim against it and its claim against GCAA because, while there certainly are many similarities, those similarities do not necessarily demonstrate a meritorious claim. In other words, the fact that both Boardman Nissan and Plaza Auto are alleging odometer fraud and that Plaza Auto and GCAA are both denying odometer fraud does not mean that the outcomes of these two claims must be the same. To understand this point in the context of this case, we will describe the operative facts which Plaza Auto uses to demonstrate a meritorious claim, the facts argued in the briefs addressing the various motions for summary judgment.
 {¶ 21} When it moved for summary judgment, GCAA attached multiple exhibits. The first was an affidavit by Ken Kleinert stating that his wife's lease on the Pathfinder was expiring, that he delivered the vehicle to GCAA at the end of the lease term, and that the mileage on the odometer reflected less than 48,000 miles. GCAA also attached documents and an affidavit showing that when the vehicle was delivered to it, the odometer indicated mileage of 46,944. That affidavit denied any knowledge of anyone tampering with the odometer. Finally, GCAA attached the Stringers' responses to interrogatories and some admissions indicating that a Carfax vehicle history report showed that on September 21, 2000, the odometer reading was 69,514. The Stringers' responses to interrogatories also said that someone from Boardman Nissan told them that Boardman Nissan routinely used Carfax reports to evaluate vehicles and that odometer rollback was common in leased vehicles.
 {¶ 22} Plaza Auto attached the same evidentiary material to its motion for summary judgment, but also added additional evidence. This additional evidence included an affidavit from Sofocleous, which stated that its purchase agreement, bill of sale, and title assignment from GCAA all indicated the mileage on the vehicle was 46,944. Sofocleous stated that it sold the car to Boardman Nissan, showing mileage of 47,062. Sofocleous denied that anyone at Plaza Auto had reason to suspect that the odometer had been tampered with. The purchase agreement and bill of sale from GCAA to Plaza Auto specifically stated that GCAA was not responsible for the accuracy of the odometer, reading of odometer, or odometer statement.
 {¶ 23} In response to Plaza Auto's motion for summary judgment, Boardman Nissan attached various documents. First, it attached an affidavit of Thomas McIntee, Vice President of Boardman Nissan, which stated that "[t]he principal reasons and basis for the decision * * * to purchase the motor vehicle * * * was * * * that the mileage was represented * * * to be 47,062 * * *. Truthful and accurate statements * * * as to odometer mileage * * * [are] fundamental to dealings among dealers such as in this case because we dealers rely on those statements when reselling vehicles to our customers." The affidavit said that Boardman Nissan would not have purchased the vehicle if it had known the odometer reading was not accurate. Boardman Nissan also attached a copy of its purchase agreement and odometer disclosure statement with Plaza Auto. Neither of those documents contained a statement disclaiming responsibility for the accuracy of the odometer, reading of odometer, or odometer statement.
 {¶ 24} Given this evidence, it is understandable why the trial court found that there was a genuine issue regarding whether Boardman Nissan had a meritorious claim against Plaza Auto and why it denied Plaza Auto's motion for summary judgment. Although Plaza Auto denies that it knew or should have known that the odometer may have been altered, the evidence shows that a Carfax report, a report widely used by automobile dealers, would have given evidence of possible tampering. Since Plaza Auto's purchase agreement with Boardman Nissan did not specifically disclaim responsibility for the odometer, Boardman Nissan may have a meritorious claim against Plaza Auto.
 {¶ 25} The difference in this case is that GCAA did
specifically disclaim all responsibility for the odometer in its purchase agreement with Plaza Auto. Plaza Auto has never attempted to argue how GCAA could be liable, given this contractual language. Since Plaza Auto has not offered any evidence or explanation describing how we can ignore the specific language in its purchase agreement with GCAA, it has failed to introduce sufficient operative facts showing that it has a meritorious claim against GCAA.
 Grounds in Civ.R. 60(B) {¶ 26} Civ.R. 60(B) only allows a party to move for relief from judgment for the reasons listed in the Rule. It provides:
 {¶ 27} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." Id.
 {¶ 28} Recognizing that Civ.R. 60(B)(1) through (4) do not apply in this case, Plaza Auto argues Civ.R. 60(B)(5) applies in this case. Civ.R. 60(B)(5) is a catch-all provision which applies only when a more specific provision does not apply. Strack at 174. It reflects a trial court's inherent power to relieve a person from the unjust operation of a judgment. Caruso-Ciresi,Inc. v. Lohman (1983), 5 Ohio St.3d 64, paragraph one of the syllabus. Matters of an extraordinary nature fall within the purview of Civ.R. 60(B)(5) and the grounds for invoking this catch-all provision should be substantial. Id. at paragraph two of the syllabus; Cuervo v. Snell (1998), 131 Ohio App.3d 560,565.
 {¶ 29} Plaza Auto argues that Civ.R. 60(B)(5) clearly applies in this case since the facts of this case are so unique and demand consistency of result. According to Plaza Auto, it is fundamentally unfair that GCAA is granted summary judgment while Plaza Auto is still defending itself against Boardman Nissan's claim.
 {¶ 30} Plaza Auto's grounds for invoking Civ.R. 60(B)(5) are not substantial and this is not a matter of an extraordinary nature. Plaza Auto's whole argument is based on the similarities between Boardman Nissan's claim against it and its claim against GCAA, but while the types of claims are similar, the parties have litigated those claims very differently. Boardman Nissan actively opposed summary judgment by providing both legal arguments and evidence in an attempt to create a genuine issue of material fact. Plaza Auto did none of this. Instead, it assumed that the trial court would rule on the two claims similarly since the claims were of the same type. It's strategic mistake was compounded by the differences between its contracts with GCAA and Boardman Nissan.
 {¶ 31} Fundamentally, Plaza Auto is seeking a chance to make an argument opposing summary judgment which it felt too confident to do earlier in the proceedings. This is not the kind of extraordinary circumstances contemplated by Civ.R. 60(B)(5). Plaza Auto has failed to show that it is entitled to relief under any of the grounds provided in the Civ.R. 60(B).
 Conclusion {¶ 32} In order to obtain Civ.R. 60(B) relief, Plaza Auto had to demonstrate a meritorious claim, grounds for that relief, and the timeliness of its motion. Plaza Auto has failed to demonstrate either a meritorious claim or grounds for relief under the Rule. Plaza Auto's purchase agreement with GCAA disclaimed any responsibility for the odometer reading and Plaza Auto has never offered any evidence or argument showing how its claim can overcome this contractual language. The procedural similarities between Boardman Nissan's claim against Plaza Auto and Plaza Auto's claim against GCAA are not as important as the facts the parties introduce relevant to those claims. The trial court abused its discretion when it vacated its May 4, 2004 decision granting summary judgment to GCAA. Accordingly, the judgment of the trial court is reversed.
Vukovich, J., concurs.
Waite, J., concurs.