OPINION
{¶ 1} Plaintiff-appellant, the Ohio Attorney General on behalf of the Ohio Supreme Court's Client Security Fund, appeals from a Jefferson County Common Pleas Court judgment granting defendant-appellee's, Dominic Potts', motion to vacate and set aside summary judgment in appellant's favor.
 {¶ 2} On February 11, 2004, appellant filed a complaint against appellee alleging that he owed it $29,905.82, representing benefits paid from the Clients' Security Fund (the Fund). Apparently, appellee used to be an attorney and one of his former clients filed a complaint with the Fund. Appellee has acted pro se throughout this case.
 {¶ 3} Appellee filed a notice that he served appellant with discovery requests. However, he did not file an answer to the complaint.
 {¶ 4} Appellant filed a motion for summary judgment on November 24, 2004. It attached the affidavit of Janet Green Marbley, the administrator of the Fund, who stated that appellee owed appellant $29,905.82, representing benefits paid from the Fund. Appellee did not file a response.
 {¶ 5} The court held a hearing on the motion on December 13, 2004 and entered judgment that day. It found that appellant had not filed an answer to the complaint although he had been served. The court then, finding that no genuine issue of material fact existed, granted summary judgment against appellee for the amount requested in the complaint plus interest.
 {¶ 6} On January 3, 2005, appellee filed a motion to vacate and set aside summary judgment and a motion to compel appellant to answer his discovery requests. In this motion, appellee asserted (1) that he had not filed an answer because appellant had not fully complied with his discovery requests, which he needed in order to answer the complaint; (2) he was never served with the motion for summary judgment; and (3) he needed to develop the facts underlying the claim to show that appellant never gave him the opportunity to defend against the claim made by his ex-clients to the Fund before paying them $25,000.
 {¶ 7} On February 25, 2005, appellee filed a motion to dismiss appellant's complaint. He asserted the complaint was defective because it failed to meet the notice pleading requirements of Civ. R. 8(A) and Civ. R. 10. He then filed a "general denial" to appellant's complaint stating that appellant's refusal to respond to discovery had delayed his ability to file an answer and defense.
 {¶ 8} The trial court held a hearing on appellee's motions. The court heard appellee's motion as a Civ. R. 60(B) motion for relief from judgment and determined that it was the only motion it needed to rule on at the time. It entered judgment that day granting appellee's motion and vacating its previous award of summary judgment to appellant.
 {¶ 9} Appellant filed a timely notice of appeal on May 4, 2005.
 {¶ 10} Appellant raises three assignments of error, the first of which states:
 {¶ 11} "THE TRIAL COURT ERRED IN PERMITTING A HEARING ON AND GRANTING APPELLEE'S MOTION TO VACATE AND SET ASIDE SUMMARY JUDGMENT, WHEN THE APPELLEE FAILED TO DEMONSTRATE THE ELEMENTS OF CIV.R. 60(B)."
 {¶ 12} Appellant argues that appellee's motion to vacate summary judgment in no way complied with Civ. R. 60(B). It asserts that appellee failed to set forth grounds for relief or operative facts in support. For these reasons, appellant argues that the trial court should not have even held a hearing on the motion.
 {¶ 13} Next, appellant asserts that appellee failed to meet any of the elements set out in GTE Automatic Elec., Inc. v. Arc Industries,Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113. It argues that appellee failed to allege the motion was timely, failed to assert which section under Civ. R. 60(B) supported granting him relief, and failed to assert a meritorious defense. Appellant asserts that the only basis appellee provided for his motion was that he never received a copy of the summary judgment motion and that appellee never complied with all of his discovery requests.
 {¶ 14} The standard of review used to evaluate the trial court's decision to deny or grant a Civ. R. 60(B) motion is abuse of discretion.Preferred Capital, Inc. v. Rock N Horse, Inc., 9th Dist. No. 21703,2004-Ohio-2122, at ¶ 9. Abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 15} The Ohio Supreme Court set out the controlling test for Civ. R. 60(B) motions in GTE, 47 Ohio St.2d 146. The court stated:
 {¶ 16} "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." Id. at paragraph two of the syllabus.
 {¶ 17} As to the first GTE requirement, a party requesting Civ. R. 60(B) relief from judgment is only required to allege a meritorious defense, not to prove that he will prevail on that claim or defense.State Farm Ins. Co. v. Valentino, 7th Dist. No. 02-CA-119, 2003-Ohio-3487, at ¶ 18. But the movant must allege operative facts with enough specificity to allow the trial court to decide whether he or she has met that test. Syphard v. Vrable (2001), 141 Ohio App.3d 460, 463,751 N.E.2d 564.
 {¶ 18} In his motion to vacate summary judgment, appellee did not attempt to address the GTE elements or show how he met them. However, reading his motion reveals his defense as follows. Appellee goes into great detail about a client he represented who subsequently made a claim to the Clients' Security Fund. According to appellee, this client, Mr. Daugherty, made a false claim to the Fund and the Fund paid the claim without ever giving appellee notice or a chance to defend against the claim. Appellee claimed that he first learned of the $25,000 payment from the Fund to Mr. Daugherty when the Fund contacted him for reimbursement in 1997. A little over a month after filing his motion to vacate summary judgment, appellee filed his own affidavit in support. In the affidavit appellee stated that "everything contained in the Defendant's pleadings is true, accurate, verifiable, and fully supportable by this Affiant."
 {¶ 19} In order to determine whether this defense may be meritorious, some information on the Clients' Security Fund is helpful. The Fund was established to provide assistance to clients who have been financially harmed by the dishonest conduct of a licensed Ohio attorney. Gov. Bar Rule VIII established the Fund and governs it.
 {¶ 20} One of the requirements of an eligible claim is that the attorney has been "disbarred, suspended, or publicly reprimanded, has resigned, or has been convicted of embezzlement or misappropriation of money or other property." Gov. Bar Rule VIII, Sec. 3(C). Once a claim has been filed against an attorney, the secretary of the Board of Commissioners "shall notify the attorney by certified mail, whenpossible, of the fact of its filing. All parties shall be notified of any action taken by the Board with respect to a claim." (Emphasis added.) Gov. Bar Rule VIII, Sec. 7(B). Once a claim has been filed, the Board conducts an investigation. At the Board's request, disciplinary counsel and local bar associations authorized to investigate attorney discipline complaints provide the Board with all reports of investigations and records of formal proceedings with respect to the attorney whose conduct is alleged to be dishonest. Gov. Bar Rule VIII, Sec. 7(C)(2). The Board may, at its discretion, conduct a hearing to resolve factual issues and may subpoena witnesses. Gov. Bar Rule VIII, Sec. 7(D). The determination of the Board is final. Gov. Bar Rule VIII, Sec. 7(F).
 {¶ 21} Thus, under the Rule, the Board was only required to notify appellee of the claim if it was possible. Additionally, there is no requirement that the Board had to permit appellee to participate in the investigation or that the Board even had to inform him of the hearing, if one was held. And it is clear that the Board's decision is final.
 {¶ 22} However, the Board's decision to pay a client from the Fund is separate from the Fund's collection case against appellee. In the collection case, which we are now faced with, appellee should have a chance to defend himself. In order to demonstrate the first GTE element, appellee was only required to allege a meritorious defense, not to prove that he would prevail. Our standard of review in this case is limited to determining whether the trial court's decision was arbitrary, unreasonable, or unconscionable. Here the trial court found that appellee's memorandum demonstrated that he may have a meritorious defense. This determination was not arbitrary, unreasonable, or unconscionable.
 {¶ 23} Based on appellee's memorandum, it was reasonable for the court to determine that he alleged a possible meritorious defense. Although the Fund may not have been required to give appellee notice and a hearing before it made a payment to his client, appellee should have had a chance to defend himself in the Fund's collection proceeding against him. The facts that appellee asserts in his memorandum, i.e., that his client made a false claim to the Fund which the Fund should never have paid, are enough to demonstrate that if appellee had a chance to assert his defense, it is possible that he could prevail. If appellee could prove that the Fund improperly paid his client, he would have a defense to this collection action. Therefore, appellee met the firstGTE requirement.
 {¶ 24} Under the second GTE requirement, appellee had to demonstrate that he was entitled to relief based on:
 {¶ 25} "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 26} Appellee did not allege any of these grounds for relief in his motion to vacate. However, in a supplemental memorandum, appellee stated that he was relying on (1) surprise and (2) any other reason justifying relief. He stated that he was surprised when he received a copy of the court's award of summary judgment because he never received a copy of appellant's motion for summary judgment. Had he received appellant's motion, appellee contends, he would have defended against it.
 {¶ 27} Appellant's motion for summary judgment includes a certificate of service that it was mailed to appellee. Additionally, appellant mailed appellee a notice of the hearing date on the motion. Appellee stated that he never received these. The trial court believed appellee.
 {¶ 28} Appellee asserted grounds for relief based on the fact that he never received the motion for summary judgment and was not aware of the hearing on that motion. Looking at appellee's numerous filings in this case seems to indicate that if he had been aware of appellant's motion, he would have made an effort to defend against it. Thus, appellee met the second GTE requirement.
 {¶ 29} Finally, appellee's motion had to have been timely filed. It was. The trial court entered summary judgment on December 13, 2004. Appellee filed his motion to vacate on January 3, 2005 — just 21 days later.
 {¶ 30} Since appellee met the three GTE requirements, we cannot conclude that the trial court abused its discretion in granting appellee's motion. Accordingly, appellant's first assignment of error is without merit.
 {¶ 31} Appellant's second assignment of error states:
 {¶ 32} "THE TRIAL COURT ERRED IN PERMITTING APPELLEE TO FILE A MOTION FOR RELIEF FROM JUDGMENT AS A SUBSTITUTE FOR A TIMELY APPEAL OR AS A MEANS TO EXTEND THE TIME FOR FILING AN APPEAL FROM THE ORIGINAL JUDGMENT."
 {¶ 33} Here appellant argues that the trial court impermissibly allowed appellee to file a Civ. R. 60(B) motion as a substitute for a timely appeal.
 {¶ 34} Appellee filed his motion to vacate just 21 days after the trial court entered summary judgment. Thus, appellee could have still filed a notice of appeal at that point because the 30 days within which to file a notice of appeal had not yet expired. And while a Civ. R. 60(B) motion may not be used as a substitute for a timely appeal, it may be used when the movant's arguments do not merely raise arguments which concern the merits of the case and could have been raised on appeal.Stringer v. Boardman Nissan, 7th Dist. No. 05-MA-86, 2006-Ohio-672, at ¶ 13; Manigault v. Ford Motor Co. (1999), 134 Ohio App.3d 402, 412,731 N.E.2d 236; Doe v. Trumbull Cty. Children Serv. Bd. (1986),28 Ohio St.3d 128, 131, 502 N.E.2d 605. Here appellee's ground for relief did not concern the merits of the case but instead asserted that he never received a copy of the summary judgment motion and was never made aware of the hearing on the motion. Such an issue is proper for a Civ. R. 60(B) motion. Accordingly, appellant's second assignment of error is without merit.
 {¶ 35} Appellant's third assignment of error states:
 {¶ 36} "THE TRIAL COURT ERRED IN ORDERING APPELLANT [sic.] IN FAILING TO STRIKE FROM THE RECORD APPELLEE'S DISCOVERY REQUESTS, MOTION TO DISMISS AND MOTION TO COMPEL WHEN FINAL JUDGMENT HAD BEEN ENTERED FOR APPELLANT."
 {¶ 37} After the trial court granted summary judgment and before it vacated that judgment, appellee moved the trial court to compel appellant's response to discovery and moved to dismiss appellant's complaint. Appellant argues that the trial court should have stricken these motions because, at the time, a final judgment was in place. Appellant asks that this court order as null and void any of appellee's pleadings filed after summary judgment was entered.
 {¶ 38} On June 23, 2005, the trial court entered a judgment noting that appellee had filed numerous motions and that appellant had filed a motion to strike appellee's motions. The trial court stated that since appellant had filed a notice of appeal, it would not rule on any motions until this court ruled on the merits of appellant's appeal.
 {¶ 39} Since it appears that these motions are still pending with the trial court awaiting the outcome of this appeal, we will not consider them. Appellant's third assignment of error is without merit.
 {¶ 40} Finally, it should be noted that appellee filed various motions with this court including motions "to strike the plaintiff and dismiss the complaint ab initio," "to strike appellant's issue #3 presented for review," "to strike appellant's assignment of error #3," "to strike appellant's issue #4 related to assignment of error #3," and for Rule 23 damages. We stated in an August 17, 2005 journal entry that we would address these motions in our final judgment and opinion. We now hold that all pending motions are denied.
 {¶ 41} For the reasons stated above, the trial court's judgment is hereby affirmed.
Waite, J., concurs.
DeGenaro, J., concurs.