[Cite as *Navy Fed. Credit Union v. Mcafee*, 2024-Ohio-5794.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| NAVY FEDERAL CREDIT UNION, | : | APPEAL NO. C-240208 |
| | | TRIAL NO. 23CV10767 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | |
| | | *O P I N I O N* |
| STEPHANIE MCAFEE, | : | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 11, 2024

*Weltman, Weinberg & Reis, Co., L.P.A.,* and *Roy J. Schechter*, for Plaintiff-Appellee,

*Stephanie J. Mcafee*, pro se.

**BOCK, Presiding Judge.**

**{¶1}** Defendant-appellant Stephanie Mcafee appeals the trial court's denial of her Civ.R. 60(B) motion for relief from judgment, which she filed after the trial court granted summary judgment in favor of plaintiff-appellee Navy Federal Credit Union ("Navy").

**{¶2}** Because Mcafee did not appeal the trial court's summary-judgment order, that order is final. Mcafee may not use Civ.R. 60(B)(3) as a substitute for a direct appeal to attack the merits of the summary-judgment order. We overrule Mcafee's assignment of error and affirm the trial court's judgment.

## I. Factual and Procedural History

**{¶3}** In May 2023, Navy sued Mcafee to collect $7,041.47 allegedly owed by Mcafee on a promissory note ("the Note") held by Navy. Mcafee's answer denied the allegations.

**{¶4}** In November 2023, Navy moved for summary judgment on its claim. Attached to the motion were the Note, an account summary showing payments from Mcafee to Navy for approximately half the value of the Note, and an affidavit of a Navy employee stating that Mcafee had failed to repay the Note. Mcafee's response requested that the court defer ruling on Navy's motion until the close of discovery per Civ.R. 56(F). But in December 2023, Mcafee moved for summary judgment on Navy's claim. She attached an affidavit to her motion in which she denied signing the Note or owing Navy money on the Note. The trial court granted Navy's motion for summary judgment on January 8, 2024.[1] Mcafee did not appeal this ruling.

---

[1] While the trial court did not expressly rule on Mcafee's Civ.R. 56(F) motion or her motion for summary judgment, it implicitly denied both motions and those orders merged into the trial court's final judgment. *See Caterpillar Fin. Servs. Corp. v. Harold Tatman & Son's Ents.*, 2019-Ohio-2110, ¶ 26 (4th Dist.) ("When a trial court does not expressly rule upon a motion, it is deemed denied when a court enters final judgment.").

**{¶5}** Two days after the trial court granted Navy summary judgment, Mcafee filed a Civ.R. 60(B) motion requesting that the trial court vacate its summary-judgment order. Under Civ.R. 60(B)(3), Mcafee asserted that Navy made false statements to the trial court—that Mcafee signed the Note, defaulted, and owed Navy $7,041.47 on the Note. Mcafee included a second affidavit denying that the loan existed and that she signed the Note. The trial court denied her motion in March 2024.

**{¶6}** Mcafee appealed the trial court's denial of her Civ.R. 60(B) motion.

## II.    Analysis

**{¶7}** While Mcafee asserts one assignment of error, that assignment attempts to challenge both the trial court's summary judgment in Navy's favor and its denial of her Civ.R. 60(B) motion. Mcafee's issues for review are whether the trial court erred by (1) granting summary judgment to Navy, (2) denying Mcafee's Civ.R. 60(B) motion, and (3) "ignoring" Mcafee's Civ.R. 56(F) motion.

### A.  Civ.R. 60(B) motion for relief from judgment

**{¶8}** An appellate court reviews a denial of a Civ.R. 60(B) motion for an abuse of discretion. *Armstrong v. U.S. Bank Natl. Assn.*, 2023-Ohio-1203, ¶ 9 (1st Dist.).

**{¶9}** To obtain relief under Civ.R. 60(B), Mcafee had to establish that (1) she had a meritorious defense, (2) one of the grounds under Civ.R. 60(B)(1)-(5) applied, and (3) she filed the motion within a reasonable time. *Id.*; *see* Civ.R. 60(B).

#### 1.   A Civ.R. 60(B) motion is not a substitute for an appeal

**{¶10}** A party seeking to appeal from a trial court's order must file a notice of appeal within 30 days of the order. App.R. 4(A)(1). And a Civ.R. 60(B) motion for relief from a final judgment does not extend the time to file an appeal from that judgment. *Key v. Mitchell*, 81 Ohio St.3d 89, 91 (1998).

**{¶11}** The trial court granted summary judgment to Navy on January 8, 2024.

3

Mcafee did not file her appeal until April 3, 2024, well beyond the 30-day window. "Therefore, that judgment is final and res judicata precludes the use of Civ.R. 60(B) to obtain relief from that final judgment." *Pilkington N. Am., Inc. v. Toledo Edison Co.*, 2015-Ohio-4797, ¶ 35; *see O'Nesti v. DeBartolo Realty Corp.*, 2007-Ohio-1102, ¶ 6-7.

{¶12} A Civ.R. 60(B) motion is not a substitute for a timely appeal. *Murray v. Auto Owners Ins.*, 2024-Ohio-656, ¶ 12 (7th Dist.); *see Key*, 81 Ohio St.3d at 91. And a party moving for relief from judgment may not "merely reiterate arguments which concern the merits of the case and could have been raised on appeal." *Stringer v. Boardman Nissan*, 2006-Ohio-672, ¶ 13 (7th Dist.); *see State ex rel. City of Elyria v. Trubey*, 24 Ohio App.3d 44, 48 (9th Dist. 1983) ("the position taken by the movant constitutes a challenge to the correctness of the trial court's original decision on the merits. Such challenge could have been raised on appeal, and Civ. R. 60(B) relief is not available as a substitute for such an appeal."); *see also Tchankpa v. Ascena Retail Group, Inc.*, 2020-Ohio-3291, ¶ 20 (10th Dist.). Res judicata precludes the relitigation of claims in a Civ.R. 60(B) motion. *Pilkington N. Am., Inc.* at ¶ 34.

{¶13} Mcafee states that she has appealed,

[(1) T]o see if the Appellee is entitled to money on an account or to a contract that the Appellant never applied for or agreed to be bound to and (2) To see if the Trial court erred when they granted the appellee's motion for summary judgment (3) If the Trial court erred in not responding to the Appellant's motion to stay which prejudiced the Appellant, and (4) If the Trial court erred by denying the Appellant's motion to vacate when the Appellant submitted an affidavit in the doc filed on 12/27/2023.

{¶14} Mcafee's first and second issues expressly attack the merits of the trial

4

court's summary-judgment decision. And her third issue challenges the trial court's denial of her Civ.R. 56(F) motion. Because she failed to appeal either entry, she could not use Civ.R. 60(B) to collaterally attack those orders and may not relitigate them on appeal.

{¶15} Mcafee's final argument challenges the trial court's denial of her Civ.R. 60(B) motion. In her appellate brief, and in her Civ.R. 60(B) motion below, Mcafee argued that the trial court should have granted her motion to vacate because she never entered into a contract with Navy and did not owe Navy any money on the Note. While she asserts that Navy committed a fraud or misrepresentation under Civ.R. 60(B)(3), the fraud she alleges is Navy's assertion that the debt on the Note exists. This too is a challenge to the merits of the summary-judgment decision because the trial court determined that Mcafee owed Navy money on the Note. Mcafee cannot use Civ.R. 60(B) to attack the merits of the trial court's judgment. *See Bank of Am., N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 15-16 ("In this case, the Kuchtas filed a Civ.R. 60(B) motion in order to relitigate an issue that they had raised at the start of litigation and which they failed to appeal. Thus, the doctrine of res judicata bars their attempted collateral attack against the judgment in foreclosure.").

{¶16} The trial court did not abuse its discretion in denying McAfee's Civ.R. 60(B) motion and we overrule her assignment of error.

### III. Conclusion

{¶17} For the foregoing reasons, we overrule Mcafee's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS** and **KINSLEY, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.