MEMORANDUM OPINION
{¶ 1} On September 3, 2004, appellant, Emily Johnson, filed a notice of appeal from an August 4, 2004 judgment of the Ashtabula County Court of Common Pleas, Juvenile Division. In that judgment, the trial court dismissed appellant's motion to withdraw her admission that her daughter was a "dependent" child.
 {¶ 2} On September 22, 2004, appellee, Ashtabula County Children Services Board, filed a motion to dismiss this appeal as being moot. Appellant filed a response on October 1, 2004. Appellant also filed a motion to amend her notice of appeal to reflect that she was attempting to appeal an April 16, 2003 magistrate's decision.
 {¶ 3} To begin with, appellant's motion to amend her notice of appeal must be overruled. An appeal must be filed within thirty days of the judgment being appealed pursuant to App.R. 4(A), unless the party was not properly served with notice of judgment under Civ.R. 58(B). Under those circumstances, the party must comply with Loc.R. 5(C) of the Eleventh District Court of Appeals and attach an affidavit from the trial court clerk stating that service was not perfected.
 {¶ 4} Appellant's amended notice of appeal was filed over sixteen months after the April 16, 2003 magistrate's decision was issued and appellant has not complied with Loc.R. 5(C) of the Eleventh District Court of Appeals. Accordingly, appellant's motion to file an amended notice of appeal is hereby overruled.
 {¶ 5} An analysis of appellee's motion to dismiss this appeal requires a brief review of the facts of this case. The underlying action was filed by the Ashtabula County Children Services Board seeking protective supervision of appellant's daughter. On April 16, 2003, a hearing was conducted by the trial court magistrate and an admission was made by appellant that her daughter was "dependent."
 {¶ 6} Eventually, on October 9, 2003, appellant filed a motion to set aside a subsequent magistrate's decision dated September 29, 2003. Then, on December 23, 2003, the trial court terminated the case and held that appellant's motion to set aside the magistrate's decision was moot. Appellant never lost custody of her daughter. That should have been the end of the case. However, on April 29, 2004, appellant filed a motion to withdraw her admission and to vacate judgment.
 {¶ 7} On August 4, 2004, the trial court dismissed appellant's motion on two grounds: first, appellant waited over a year to object to the magistrate's decision of April 16, 2003, and second, the matter was rendered moot by the fact that the case had been dismissed and appellant always maintained custody of her daughter. It was from this judgment that appellant filed her notice of appeal.
 {¶ 8} Appellee asserts that this appeal involves a moot question of law which would require this court to issue nothing but an advisory opinion. We agree. It is clear that appellant is attempting to challenge whether her admission that her daughter was dependent was made knowingly and voluntarily. However, since the trial court never adopted the magistrate's recommendation but, rather, dismissed the case, and because appellant never lost custody of her daughter, the issue raised by appellant in this appeal is moot.
 {¶ 9} It is well established that courts do not answer moot questions or give advisory opinions. Cincinnati Metro. HousingAuth. v. Cincinnati Dist. Council No. 51 (1969),22 Ohio App.2d 39,43;Egan v. National Distillers Chemical Corp. (1986),25 Ohio St.3d 176, syllabus.
 {¶ 10} The fact that appellant has now attempted to amend her notice of appeal to reflect her desire to appeal the decision from April 16, 2003 is further evidence that appellant is only concerned with her initial admission in this case. We parenthetically note that the April 16, 2003 decision was nothing more than a magistrate's recommendation and, therefore, not a final appealable order.
 {¶ 11} Finally, after reviewing appellant's brief in this matter, it is clear that essentially, the only issue she has raised is an alleged Juv.R. 29(D) violation that occurred at the hearing before the magistrate in March, 2003. It is too late to appeal that decision, which became appealable on December 23, 2003, when the trial court finally terminated the case.
 {¶ 12} Accordingly, not only is the appeal moot, it is also untimely. Thus, appellee's motion to dismiss this appeal is hereby granted.
 {¶ 13} Appeal dismissed.
Ford, P.J., O'Neill, J., concur.