OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the brief of appellant, Robert W. Stemock. Appellee, Kim Stemock, has not filed an appellate brief. Appellant appeals the judgment entered by the Domestic Relations Division of the Trumbull County Court of Common Pleas. The trial court issued an order regarding visitation.
 {¶ 2} The parties were married in 1994. That same year, the parties' minor daughter was born. In 1999, appellee filed a complaint for divorce. In 2001, the trial *Page 2 
court entered a divorce decree, ending the parties' marriage. The divorce decree contained a shared parenting plan, which designated both parties as residential parents and provided alternating weeks of visitation with each parent.
 {¶ 3} In March 2004, the trial court issued a judgment entry designating appellant the residential parent and legal custodian of the parties' daughter. This entry provided that appellee would have visitation with the child on Thursday evenings and on every other weekend.
 {¶ 4} In June 2005, the trial court entered a judgment, which modified appellee's visitation with the parties' daughter. The new visitation schedule provided that appellee would have visitation from 9:00 a.m. to 9:00 p.m. on the Friday, Saturday, and Sunday of every other weekend. In addition, the entry provided that appellee's visitation could be extended to 9:00 a.m. Friday through 9:00 p.m. Sunday of every other weekend, provided appellee's sister supervised the visits. Finally, the entry stated that appellee shall not consume alcohol or any drugs during the visits.
 {¶ 5} In July 2005, appellant filed a notice of his intent to relocate to Florida. In response, in September 2005, the trial court issued a judgment entry regarding appellee's revised visitation with the child. The entry stated, in pertinent part:
 {¶ 6} "Plaintiff to have companionship one (1) week at Christmas and one (1) week at Easter Break. Visits to be supervised by her sister. Plaintiff to visit with child anytime she is in Florida. Plaintiff to have companionship for minimum six (6) weeks in the summer unless guardian ad litem (GAL) feels that this would not be in the child's best interest. Summer visitation to also be supervised. When plaintiff is in Florida she can visit half (1/2) the daytime hours that she is there these visits to be supervised. The *Page 3 
provision of 6/23/05 to remain in effect. Plaintiff to notify at least seven (7) days before any trip to Florida. Defendant to provide Plaintiff with school calendar."
 {¶ 7} In February 2006, appellee filed a variety of motions, including a motion to modify the allocation of parental rights and responsibilities. In December 2006, the trial court issued a judgment entry with regard to appellee's motions. The entry did not address the motion to modify the allocation of parental rights and responsibilities. The entry provided, in part:
 {¶ 8} "Plaintiff to have a drug and alcohol assessment today done by Murphy Lewis Consultant.
 {¶ 9} "Matter set for a second pretrial in sixty (60) days. * * * Phone visits to continue however plaintiff shall not talk about dad with child. Plaintiff to visit 12/22/2006 to 12/26/2006 with child sister to accompany her. Phone calls Wednesday and Sunday from 8:00 p.m. to 8:30 p.m."
 {¶ 10} On February 21, 2007, the trial court issued a judgment entry regarding appellee's anticipated trip to Florida. This entry provided:
 {¶ 11} "Plaintiff to notify defendant at least seven (7) days in advance of her February visit to Florida. Plaintiff to have day time companionship during her visit. These visits to be most days that she is there. If these visits go all right then the court will consider overnight visits for a visit in late March. Unless defendant or guardian ad litem (GAL) files a motion plaintiff will have overnight visits when she goes to Florida. During all visits plaintiff shall not consume any alcohol."
 {¶ 12} Appellee did not visit with the child in either February or March 2007. She claimed appellant was avoiding her phone calls in an effort to impede visitation. In May 2007, the trial court issued a judgment entry instructing appellee to provide phone *Page 4 
records demonstrating her attempts to contact appellant while she was in Florida. The entry provided the court would make an order for summer visitation if the records showed appellee made reasonable efforts to contact appellant. In addition, the entry provided that appellee sign releases to have the records from Murphy's Consultants sent to the court.
 {¶ 13} On May 16, 2007, appellee provided the court with the requested phone records. On May 17, 2007, appellant filed a "motion contrary to phone records," wherein he disputes appellee's phone records, informs the court that his phone records will be available by May 30, 2007, and asks the court for a hearing on the matter.
 {¶ 14} On June 12, 2007, the magistrate issued a decision, stating:
 {¶ 15} "Plaintiff to have companionship from 06/24/2007 to 07/08/2007 and from 07/29/07 to 08/12/2007. These visits to be [here] in Trumbull County, Ohio. Plaintiff to arrange to get child here to begin each visit and Defendant to arrange to get child back at the end of each visit."
 {¶ 16} That same day, the trial court issued a judgment entry, which contained the verbatim language as the magistrate's decision. On June 15, 2007, appellant objected to the magistrate's decision. On June 19, 2007, the GAL filed a motion to stay the summer visitation, due to concerns about appellee's older daughter's boyfriend, who had been indicted for carrying a concealed weapon.
 {¶ 17} On June 20, 2007, the trial court issued a modified judgment entry. This entry provided:
 {¶ 18} "During child's visit with Plaintiff, Plaintiff's daughter's boyfriend shall not be in the presence of child. Also, Plaintiff's mother not to be left alone with minor child and there is to be no alcohol consumption during the visits. *Page 5 
 {¶ 19} "All other orders from Magistrates decision of 06/12/2007 to remain in effect. [The entry recites the verbatim language contained in the magistrate's decision and trial court's judgment entry, which were both filed on June 12, 2007.]"
 {¶ 20} Appellant filed a notice of appeal of the trial court's June 20, 2007 judgment entry with this court. Also, appellant filed a motion to stay the trial court's judgment entry with the trial court. The trial court denied appellant's motion. Next, appellant filed a motion to stay the visitation order in this court; however, this court also denied appellant's motion.
 {¶ 21} Appellant raises the following assignment of error:
 {¶ 22} "The trial court erred in modifying the prior order from supervised to unsupervised companionship without a hearing or testimony to make a determination as to the minor child's best interest."
 {¶ 23} This court has held that when an appellant "cannot be granted effectual relief by a reviewing court, the appeal will be dismissed for mootness." In re Bates (Sept. 28, 2001), 11th Dist. No. 2000-A-0054, 2001 Ohio App. LEXIS 4415, at *4, citing James A. Keller, Inc. v.Flaherty (1991), 74 Ohio App.3d 788, 791. In addition, appellate courts do not have to answer moot questions or give advisory opinions. In reJohnson, 11th Dist. No. 2004-A-0060, 2004-Ohio-6340, at ¶ 9. (Citations omitted.)
 {¶ 24} The trial court's judgment entry only concerned visitation from June 24, 2007 through July 8, 2007 and from July 29, 2007 through August 12, 2007. These time periods have expired. In addition, we note the trial court's judgment entry did not specifically modify a prior order. Nor did the entry pertain to any future visitation after the periods specifically mentioned in the summer of 2007. Since the specified visitation periods have expired, there is no relief this court can provide at this time. *Page 6 
 {¶ 25} Appellant's assignment of error is moot.
 {¶ 26} This appeal is dismissed.
 COLLEEN MARY OTOOLE, J., MARY JANE TRAPP, J., concur. *Page 1