OPINION
{¶ 1} Appellant-mother, Christina Marie Dahmen, appeals the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, granting custody to appellee-father, Richard Charles Dahmen. *Page 2 
 {¶ 2} On October 17, 1994, the parties divorced. At the time of the divorce, the parties entered into a plan for shared parenting regarding their one daughter, Natalie; however, it was rarely followed by the parties. Essentially, the parties operated under a custody order to appellant and companionship time with appellee.
 {¶ 3} Appellee, on August 9, 2004, filed a motion to reallocate parental rights and responsibilities. On January 11, 2005, appellant filed a motion to terminate shared parenting. On August 19, 2005, prior to a full evidentiary hearing, the parties reached an agreement regarding visitation. On November 29, 2005, appellee filed a subsequent motion for reallocation of parental rights and responsibilities. The trial court appointed Laura O. Berzonski, Esq. ("Attorney Berzonski") as Guardian Ad Litem ("GAL") for the minor child, Natalie. On April 6, 2006, after a full evidentiary hearing, the magistrate determined that Natalie shall remain in the custody of appellant. Further, the magistrate stated, "they [appellant and appellee] cannot care for her [Natalie] on a shared basis; therefore, a Shared Parenting Plan is not even an option. The Plaintiff-Father shall have companionship with Natalie on a reasonable and liberal basis but no less than that which has been provided in this court's last Order * * *." The trial court adopted the magistrate's decision stating that appellant "shall be designated the residential parent and legal custodian of this minor child, subject to further review by this court." Appellee filed an objection to the magistrate's decision. On May 17, 2006, the trial court, after conducting an independent review of the record, affirmed the decision of the magistrate.
 {¶ 4} On July 14, 2006, appellee filed another motion for modification of residential parent and legal custodian. The GAL was reappointed on August 1, 2006. A *Page 3 
full evidentiary hearing was held on October 16, 2006, December 7, 2006, and December 29, 2006.
 {¶ 5} On January 17, 2007, after the evidentiary hearing, the recommendation of the magistrate was as follows: custody of Natalie shall change from appellant to appellee; appellant shall have companionship with Natalie on a reasonable and liberal basis but no less than that ordered in the court's standard guidelines instead of pursuant to a shared parenting plan; appellee's current child support order shall terminate effective January 1, 2007; appellant's motion requesting psychological for Natalie and her step-mother denied; appellant's motion to enforce and the two motions in contempt filed by appellant shall be denied. Appellant timely objected to the magistrate's decision on January 31, 2007. The trial court adopted the magistrate's decision on February 16, 2007.
 {¶ 6} It is from this judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 7} "The trial court erred in its' [sic] findings that a change in circumstances had occurred relevant to the child or the child's residential parent, and that the resulting modification of the prior custody order was not necessary to serve the best interest of the child."
 {¶ 8} This court has held that when an appellant "cannot be granted effectual relief by a reviewing court, the appeal will be dismissed for mootness." In re Bates (Sept. 28, 2001), 11th Dist. No. 2000-A-0054, 2001 Ohio App. LEXIS 4415, at *4, citing James A. Keller, Inc. v.Flaherty (1991), 74 Ohio App.3d 788, 791. In addition, appellate courts are not required to answer moot questions or give advisory opinions. *Page 4 
 Stemock v. Stemock, 11th Dist. No. 2007-T-0072, 2008-Ohio-1131, at ¶ 23. (Citations omitted.)
 {¶ 9} Since Natalie has turned 18 years old while this appeal has been pending, this appeal should be dismissed as moot. While we recognize that Natalie has turned 18 years of age, appellant and appellee still play an important role in her life. It is unquestioned that both appellant and appellee love and care for Natalie. In addition, both desire her to continue her education. At this time, Natalie is now legally an adult. All individuals involved, including Natalie, are now in a position to reconcile their differences, in order to provide Natalie the best chance to succeed.
 {¶ 10} Appellant's assignment of error is moot.
 {¶ 11} This appeal is dismissed.
 DIANE V. GRENDELL, P.J., COLLEEN MARY OTOOLE, J., concur. *Page 1