OPINION
{¶ 1} Appellants, David and Marilyn Miller ("the Millers"), appeal the judgment entered by the Trumbull County Court of Common Pleas. The trial court granted a motion for relief from judgment filed by appellees, William F. Fleming and Sun Castle Enterprises, Inc. ("Sun Castle"). *Page 2 
 {¶ 2} In 1998, the Millers entered into a residential home construction contract with appellees. Pursuant to the contract, appellees were to construct a condominium for the Millers in the Camden Pond Development. The purchase price for the condominium was $279,900. The contract stated that the condominium was to be completed by January 31, 1999.
 {¶ 3} In June 2000, the Millers filed a complaint against appellees. The complaint alleged two causes of action; the first was a violation of the Ohio Consumer Sales Protection Act, R.C. 1345, et seq., and the second was that appellees breached the contract between the parties.
 {¶ 4} Appellees filed an answer, counterclaim, and third-party complaint against New Era Architects, Inc. and Arthur Einzig. The counterclaim and third-party complaint alleged that the Millers failed to make timely payments and that the Millers' agents, New Era Architects, Inc. and Arthur Einzig, failed to submit proper architectural plans. The Millers filed an answer to appellees' counterclaim.
 {¶ 5} On August 22, 2001, Frank Bodor withdrew as appellees' attorney.
 {¶ 6} On October 4, 2001, the Millers filed a notice of deposition, indicating they intended to take Fleming's deposition on November 12, 2001. This notice indicates that it was served on Fleming at his residence via regular mail and certified mail. Fleming testified he never received the notice of his deposition. He explained that he was the victim of a mail scam, in that someone had signed him up to receive numerous items, such as magazine subscriptions, and he was receiving up to 300 unwanted pieces of mail per month. *Page 3 
 {¶ 7} As a result of Fleming's failure to appear at the deposition, the Millers filed a motion for discovery sanctions and default judgment. On January 17, 2002, the trial court held a hearing on the Millers' motion for default judgment. Appellees did not appear at this hearing. The trial court dismissed appellees' counterclaim and third-party complaint and ruled that the Millers were entitled to default judgment pursuant to Civ. R. 37(d). The trial court stated that damages would be determined at a subsequent hearing.
 {¶ 8} The trial court held a hearing on damages on March 7, 2002. That same day, the trial court entered default judgment against appellees. The trial court found that the Millers spent $119,651.92 above the agreed-upon contract price to complete their condominium. The trial court awarded the Millers a total of $19,773 for replacement housing costs and storage costs for their belongings because the condominium was not completed by the agreed-upon date. The trial court found that the Millers' actual damages were $139,424.92. Further, the trial court found that R.C. 1345 applied to this matter and that the Millers were entitled to treble damages in the amount of $418,274.76. The trial court added this amount to the Millers' actual damages of $139,424.92, for a total judgment award of $557,699.68. Further, the trial court awarded attorney fees in the amount of $6,364.50. Finally, the trial court indicated the entire judgment was subject to 10% per annum interest.
 {¶ 9} On March 14, 2002, appellees filed a motion for relief from judgment.[1]
 {¶ 10} On April 8, 2002, appellees appealed the trial court's default judgment entry to this court, and that matter was assigned case No. 2002-T-0042. In August *Page 4 
2002, this court sua sponte dismissed appellees' appeal for appellees' failure to prosecute.
 {¶ 11} In 2003, the Millers filed garnishment actions against appellees' accounts.
 {¶ 12} On May 6, 2004, appellees filed a "motion to enforce settlement agreement." Attached to this pleading was a copy of a purported settlement agreement, whereby appellees would make installment payments to the Millers to satisfy the default judgment. In addition, the purported agreement called for appellees to complete certain items at the Millers' property and complete certain projects for the common areas of the homeowners' association. While this purported settlement agreement is not formally dated, the language contained therein anticipated the agreement would become effective in July 2002.
 {¶ 13} On November 24, 2004, an alleged judgment entry was filed. This entry purported to overrule appellees' motion for relief from judgment as well as appellees' motion to enforce settlement agreement. This judgment entry was not signed by the trial court; instead, the entry bore a stamp of the trial court's signature.
 {¶ 14} On October 21, 2005, the trial court vacated the purported November 24, 2004 judgment entry. The trial court held that it never intended to file that judgment entry and ruled that the entry was filed as a result of a "clerical mistake." The trial court then recused itself from the matter. Retired Judge Thomas Curran was assigned to hear this case.
 {¶ 15} Prior to Judge Curran being assigned to this case, Judge Stuard stayed the matter as a result of Sun Castle filing for bankruptcy protection. On March 7, 2006, *Page 5 
Judge Curran placed this matter on the inactive docket due to the automatic stay as a result of Sun Castle's bankruptcy action case No. 05-49178.
 {¶ 16} On October 26, 2006, the Millers filed a pleading entitled "notice of pending bankruptcy/stay order." Therein, the Millers noted that appellees had not filed any pleadings in bankruptcy court seeking relief from the stay to proceed in this matter. The Millers attached a copy of the docket in Sun Castle's bankruptcy case.
 {¶ 17} The trial court held a hearing on appellees' motion for relief from judgment on October 26-27, 2006. At the beginning of the hearing, the bankruptcy matter and its effect on the hearing was discussed by counsel and the trial court. Counsel for appellees argued that the bankruptcy stay did not affect the hearing on appellees' motion for relief from judgment, because the motion was an affirmative action of the debtors. Thereafter, the trial court proceeded to conduct the hearing.
 {¶ 18} On April 3, 2007, the trial court issued a judgment entry granting appellees' motion for relief from judgment. On April 27, 2007, the trial court entered a nunc pro tunc judgment entry to correct a typographical error in the April 3, 2007 judgment entry.
 {¶ 19} The Millers have timely appealed the trial court's judgment entry granting appellees' motion for relief from judgment. The trial court's judgment entry is a final, appealable order pursuant to R.C. 2505.02(B)(3). GTE Automatic Electric v. ARC Industries (1976),47 Ohio St.2d 146, paragraph one of the syllabus.
 {¶ 20} Shortly after this appeal was filed, counsel for appellees filed a suggestion of death, indicating that Fleming died on April 14, 2007. The pleading states that the administrator of the estate will be substituted as a party. However, no substitution was *Page 6 
made. App. R. 29(A) provides, in part, "[i]f a party against whom an appeal may be taken dies after entry of a judgment or order of the trial court but before a notice of appeal is filed, an appellant may proceed as if death had not occurred." In this matter, Fleming died after the trial court's April 3, 2007 judgment entry but prior to the Millers filing their notice of appeal on April 30, 2007. Therefore, pursuant to App. R. 29(A), this matter will proceed as if Fleming's death had not occurred. See, also, e.g., Keeton v. Telemedia Co. of S. Ohio (1994),98 Ohio App.3d 405, 407, fn. 1.
 {¶ 21} The Millers raise five assignments of error. We will address these assigned errors out of numerical order. The Millers' fifth assignment of error is:
 {¶ 22} "Judge Curran did not have authority to consider appellees' motion for relief as Appellee Sun Castle Enterprises, Inc.'s Chapter 7 Bankruptcy was still an active case and the bankruptcy court had not granted relief from the automatic stay provisions of [Section 362, Title 11, U.S. Code] thereby prohibiting Judge Curran to conduct a hearing."
 {¶ 23} The Millers argue that the matter was subject to an automatic stay due to Sun Castle's bankruptcy case. Section 362, Title 11, U.S. Code is entitled "automatic stay" and provides, in part:
 {¶ 24} "(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of —
 {¶ 25} "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding *Page 7 
against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title[.]"
 {¶ 26} "The effect of the stay is to halt pending judicial proceedings involving the debtor." Howard v. Howard (C.A.4, 1984), 670 S.W.2d 737,739. (Citations omitted.)
 {¶ 27} The Millers contend that this entire matter was stayed as a result of Sun Castle's bankruptcy action. Initially, we will address who was subject to the bankruptcy action. During the hearing on appellees' motion for relief from judgment, Fleming testified that he "believed" both himself, personally, and Sun Castle were involved in the bankruptcy action. However, the copy of the bankruptcy docket filed by the Millers indicates only Sun Castle was involved in the bankruptcy case. The trial court did not make any findings regarding the bankruptcy action. Further, the Millers' assigned error only relates to Sun Castle's bankruptcy filing. For the purposes of this appeal, the record establishes only Sun Castle was involved in the bankruptcy action.
 {¶ 28} The Fifth Appellate District has followed the Ninth Appellate District for the proposition that a bankruptcy stay only precludes further action regarding the debtor involved in the bankruptcy action: "`[w]e agree with the overwhelming weight of authority that the automatic stay provisions only extend to the debtor filing bankruptcy proceedings and not to non-bankrupt codefendants.'" Waco Scaffolding Equip. Co. v. Schaffer Sons, 5th Dist. No. 2003CA00172,2003-Ohio-6775, at ¶ 21, quoting Cardinal Fed. Savings Loan Assoc. v.Flugum (1983), 10 Ohio App.3d 243, 245-246. Accordingly, Sun Castle's bankruptcy action only acted as an automatic stay regarding Sun Castle. It did not preclude further action pertaining to Fleming. *Page 8 
 {¶ 29} Appellees argue that the automatic stay provision of Section 362, Title 11, U.S. Code did not apply to this matter because Sun Castle sought affirmative relief, thus the action was not "against the debtor." We disagree with this analysis. The Tenth Circuit Court of Appeals has held:
 {¶ 30} "While the automatic stay on judicial proceedings generally operates to ensure that a `debtor (is given) a breathing spell from his creditors,' the fact that judgment here was entered in favor of the debtor does not change the outcome. * * * The operation of the stay should not depend upon whether the district court finds for or against the debtor." Ellis v. Consol. Diesel Elec. Corp. (C.A.10, 1990),894 F.2d 371, 372. (Emphasis in original.)
 {¶ 31} Neither party cites to a case involving a debtor filing a Civ. R. 60(B) motion during a bankruptcy stay, and our research has not revealed a case on point. However, we note that there is substantial case law for the proposition that an appeal by a debtor is stayed due to Section 362, Title 11, U.S. Code when the original action was brought against the debtor. See Farley v. Henson (C.A.8, 1993), 2 F.3d 273, 275. Courts have held:
 {¶ 32} "`"Section 362 should be read to stay all appeals in proceedings that were originally brought against the debtor, regardless of whether the debtor is the appellant or appellee. Thus, whether a case is subject to the automatic stay must be determined at its inception. That determination should not change depending on the particular stage of the litigation at which the filing of the petition in bankruptcy occurs."'" Ingersoll-Rand Fin. Corp. v. Miller Mining Co., Inc. (C.A.9, 1987), 817 F.2d 1424, 1426, quoting Cathey v. Johns-Manville SalesCorp. (C.A.6, 1983), 711 F.2d 60, 62, quoting Assoc. of *Page 9 St. Croix Condominium Owners v. St. Croix Hotel (C.A.3, 1982),682 F.2d 446, 449. (Emphasis in original.)
 {¶ 33} The Eighth Circuit Court of Appeals further explained the reasoning for this holding, stating, "[i]t would strain the language of the statute to suggest that an appeal by a debtor from a judgment obtained against the debtor as defendant is not a `continuation' of a judicial `proceeding against the debtor.'" Farley v. Henson,2 F.3d at 275, citing Cathey v. Johns-Manville Sales Corp., 711 F.2d at 61.
 {¶ 34} By appealing an adverse judgment, the debtor is seeking relief from that judgment. Likewise, a debtor who files a Civ. R. 60(B) motion for relief from judgment is also seeking relief from that judgment. It follows that both actions should be similarly classified as "continuations" of actions against the debtor. We hold that the bankruptcy stay precluded the trial court from acting on Sun Castle's motion for relief from judgment.
 {¶ 35} The Eighth Appellate District has held that actions taken in violation of an automatic bankruptcy stay are void. Lowenborg v. OglebayNorton Co., 8th Dist. Nos. 88396 88397, 2007-Ohio-3408, at ¶ 30. Also, the Sixth Circuit Court of Appeals noted that a majority of the federal circuit courts have held that these actions are void. Easley v.Pettibone Michigan Corp. (C.A.6, 1993), 990 F.2d 905, 909-910. However, the Sixth Circuit conducted a lengthy analysis on the difference between a void and voidable action in the context of the automatic bankruptcy stay of Section 362, Title 11, U.S. Code. The Sixth Circuit noted that the statute permits bankruptcy courts the power to annul the automatic stay, even retroactively. Id. at 909-910. Thus, the Sixth Circuit *Page 10 
held "that actions taken in violation of the stay are invalid and voidable and shall be voided absent limited equitable circumstances." Id. at 911.
 {¶ 36} We recognize that this matter has had a lengthy history at the trial court level, and that our decision will further lengthen that history. However, as stated by the Seventh Appellate District, "the stay granted by the filing of a bankruptcy is automatic and that the court may not circumvent the exclusive jurisdiction of the bankruptcy court and this court has no discretion except to vacate the judgment of the trial court and to remand the case for further proceedings at the expiration of the stay." Jones v. Langdon (Mar. 2, 1988), 7th Dist. No. 85 C.A. 121, 1988 Ohio App. LEXIS 667, at *4.
 {¶ 37} The Millers' fifth assignment of error has merit as it relates to Sun Castle. The Millers' fifth assignment of error is without merit as it relates to Fleming.
 {¶ 38} The judgment of the trial court is reversed as it relates to Sun Castle. The remaining assignments of error will be addressed solely as they relate to Fleming.
 {¶ 39} The Millers' first assignment of error is:
 {¶ 40} "The timely appeal of a judgment precludes use of a [Civ. R.] 60(B) motion for relief from the same judgment based on the same facts and law applicable to the appeal."
 {¶ 41} The trial court addressed this argument. The trial court cited to the Seventh District's decision in State v. Potts, 7th Dist. No. 05-JE-14, 2006-Ohio-7057, where the court stated, "while a Civ. R. 60(B) motion may not be used as a substitute for a timely appeal, it may be used when the movant's arguments do not merely raise arguments which concern the merits of the case and could have been raised on appeal." Id. at ¶ 34. (Citations omitted.) *Page 11 
 {¶ 42} In this matter, Fleming's motion for relief from judgment was filed only seven days after the trial court's default judgment entry was filed, and it was actually filed before Fleming's appeal of the default judgment. Thus, as was the case in State v. Potts, Fleming's Civ. R. 60(B) motion was filed within the 30-day period in which to file a notice of appeal. Id. This was not a situation where a party was seeking a "second bite at the apple" by filing a Civ. R. 60(B) motion after an unsuccessful appeal on the merits of the case.
 {¶ 43} Fleming's argument in his Civ. R. 60(B) motion went to the issue of whether his failure to attend the scheduled deposition amounted to excusable neglect, thus entitling him to relief from judgment. Therefore, as was the case in State v. Potts, Fleming's argument did not go to the underlying merits of the case; instead, the motion alleged that Fleming did not receive proper notice. Id. This was an appropriate and proper use of a motion for relief from judgment. Further, it would not have been proper to raise this issue on a direct appeal from the default judgment, since additional testimony and evidence was necessary to resolve this matter. In fact, the trial court conducted two days of hearings on the motion for relief from judgment.
 {¶ 44} The Millers' first assignment of error is without merit.
 {¶ 45} The Millers' second assignment of error is:
 {¶ 46} "The failure of a party to allege specific grounds for relief from judgment under Ohio Civ. R. 60(B), to allege the existence of a meritorious defense, and to support same with an affidavit is basis upon which a motion for relief from judgment should be summarily denied [without] further hearing." *Page 12 
 {¶ 47} The Millers contend that the trial court erred by granting Fleming's motion for relief from judgment.
 {¶ 48} "A reviewing court reviews a trial court's decision on a motion for relief from judgment to determine if the trial court abused its discretion." (Citations omitted.) Bank One, NA v. SKRL Tool and Die,Inc., 11th Dist. No. 2003-L-048, 2004-Ohio-2602, at ¶ 15. See, also,GTE Automatic Electric v. ARC Industries, 47 Ohio St.2d at 150. "The term "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted.) Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 49} Relief from judgment may be granted pursuant to Civ. R. 60(B), which states, in part:
 {¶ 50} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Civ. R. 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 51} Regarding the moving party's obligations for a Civ. R. 60(B) motion, the Supreme Court of Ohio has held: *Page 13 
 {¶ 52} "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElectric v. ARC Industries, 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 53} Appellees' motion was filed only seven days after the trial court's default judgment entry. Thus, it was timely. See Brys v.Trumbull Cement Prods., 11th Dist. No. 2005-T-0057, 2006-Ohio-4941, at ¶ 24.
 {¶ 54} The trial court found that Fleming had three meritorious defenses: (1) quadrupling of damages; (2) a purported settlement agreement; and (3) there was conflicting evidence on the underlying merits of the case.
 {¶ 55} At the Civ. R. 60(B) hearing, Fleming introduced a copy of a purported settlement agreement between the parties from October 2000. If it is determined that this is a valid settlement agreement, Fleming would certainly have a meritorious defense to the default judgment against him, which was entered in 2002.
 {¶ 56} The trial court noted there was conflicting evidence in this matter. This case involved a dispute between a contractor and homeowners. Not surprisingly, the testimony of the various individuals differs as to which party is at fault. Fleming's testimony, if believed, that the Millers were at fault in this matter would amount to a meritorious defense. *Page 14 
 {¶ 57} The trial court also found that Fleming had a meritorious defense regarding the quadrupling of damages. The Millers argue that they were entitled to recover damages for breach of contract and, in addition, recover treble damages under the Consumer Sales Protection Act, R.C. 1345.09. The trial court cites Whitaker v. M.T. Automotive,Inc., 111 Ohio St.3d 177, 2006-Ohio-5481, in support of its conclusion. In Whitaker, the Supreme Court of Ohio held that "actual damages" were subject to trebling under R.C. 1345. Id. at ¶ 16. The court then noted that "`"actual damages" are defined as "real, substantial, and just damages, or the amount awarded to a complainant in compensation for his actual and real loss or injury."'" Id. at 18, quoting Crow v. FredMartin Motor Co., 9th Dist. No. 21128, 2003-Ohio-1293, at ¶ 32, quoting Black's Law Dictionary (6th Ed. 1990) 390. Thus, the trial court did not err in concluding that Fleming may have a meritorious defense to the damages awarded, i.e., Fleming could certainly argue that the Millers were only entitled to trebling of their actual losses under the Consumer Sales Protection Act, instead of what amounts to a quadrupling of their actual losses, as was awarded in the default judgment entry.
 {¶ 58} The trial court did not abuse its discretion in determining that Fleming had meritorious defenses. Most notably, there were disputed evidentiary issues going to the underlying merits of the case.
 {¶ 59} Next we will determine whether one of the Civ. R. 60(B)(1)-(5) factors was present. The trial court found that Fleming's failure to attend the deposition was the result of excusable neglect. See Civ. R. 60(B)(1).
 {¶ 60} The Supreme Court of Ohio has "defined `excusable neglect' in the negative and [has] stated that the inaction of a defendant is not `excusable neglect' if it *Page 15 
can be labeled as a `complete disregard for the judicial system.'"Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18, 20, quoting GTEAutomatic Electric v. ARC Industries, 47 Ohio St.2d at 153.
 {¶ 61} The Millers' notice of deposition indicated that they sought to take Fleming's deposition. The notice of deposition asked Fleming to produce several documents, records, and files of Sun Castle. However, the notice of deposition does not clearly indicate whether the Millers sought to depose Fleming in his individual capacity or as an officer or representative of Sun Castle. If it is determined that this notice was only directed to Fleming in his personal capacity, there would be no basis for a default judgment against Sun Castle for its failure to comply with discovery. Since we have determined that the trial court did not have jurisdiction to rule on appellees' Civ. R. 60(B) motion as it related to Sun Castle, we are remanding this matter to the trial court to rule on appellees' Civ. R. 60(B) motion as it relates to Sun Castle. Thus, any analysis of this issue would be advisory, and we will not address it at this time. See, e.g., Stemock v. Stemock, 11th Dist. No. 2007-T-0072, 2008-Ohio-1131, at ¶ 23. (Citation omitted.) Accordingly, we will only address this issue as it relates to Fleming.
 {¶ 62} Pursuant to Civ. R. 30(B)(1), "[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action." This court has held that the question of whether notice was reasonable "depends on the facts and circumstances of each case." Davis v. Kent State Univ. (Sept. 24, 1982), 11th Dist. No. 1173, 1982 Ohio App. LEXIS 13574, at *3. (Citation omitted.) *Page 16 
 {¶ 63} Fleming testified that he was a victim of a mail scam and that, at the time the notice of deposition was sent, he was receiving about 300 pieces of unwanted mail per month. Further, he stated that he was not receiving all of his important mail, such as his bills.
 {¶ 64} The Millers argue that the notice of deposition was sent via certified mail. However, at the hearing, the Millers only produced a copy of a certified mail receipt. Further, the letter purportedly sent to Fleming did not contain the tracking number from the certified mail receipt. Fleming specifically testified that he received numerous pieces of certified mail, but that he did not receive the notice of deposition. He testified that he only remembers receiving certified mail in October 2001 relating to window fixtures that were missing from the Millers' residence.
 {¶ 65} The trial court found that "Fleming never received any notices [of the deposition], or, if he did, his mail system was so compromised that Fleming had excusable neglect in not discovering it." The trial court, after hearing the evidence presented on this issue and observing the witnesses' demeanor, concluded that Fleming did not receive the notice or did not discover it due to the mail scam. Accordingly, the trial court's finding suggests that Fleming was not in complete disregard of the judicial system and, thus, a finding of excusable neglect was appropriate.
 {¶ 66} The trial court did not abuse its discretion by granting Fleming's motion for relief from judgment.
 {¶ 67} The Millers' second assignment of error is without merit.
 {¶ 68} The Millers' third assignment of error is: *Page 17 
 {¶ 69} "The Ohio Consumer Sales Practices Act, as contained in Chapter 1345 of the Ohio Revised Code, and all of its remedial provisions, applies to new home residential construction and provide[s] remedies to an injured party in addition to breach of contract damages."
 {¶ 70} We have addressed the issue of whether treble damages could be awarded in addition to damages for breach of contract in the context of whether Fleming has a meritorious defense in our analysis of appellees' second assignment of error.
 {¶ 71} Moreover, the trial court granted Fleming's motion for relief from judgment. Therefore, the judgment awarding damages under R.C. 1345
has been vacated. Thus, at this point, the issue of what damages may ultimately be awarded is not ripe for review. Also, the record before this court does not contain a sufficient factual development for this court to give a thorough and accurate review of this issue. Finally, any opinion on this issue would be an advisory opinion, which appellate courts are not required to give. See, e.g., Stemock v. Stemock,2008-Ohio-1131, at ¶ 23. (Citation omitted.)
 {¶ 72} The Millers' third assignment of error is without merit.
 {¶ 73} The Millers' fourth assignment of error is:
 {¶ 74} "Judge Curran erred in holding that judgment by default was an improper sanction pursuant to Ohio Civ. R. 37."
 {¶ 75} Civ. R. 37(D) provides remedies for discovery violations and provides, in pertinent part:
 {¶ 76} "If a party or an officer, director, or a managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails *Page 18 
(1) to appear before the officer who is to take his deposition after being served with a proper notice, * * * the court in which the action is pending on motion and notice may make such orders in regard to the failure as are just, and among others it may take any action authorized under subsections (a), (b), and (c) of subdivision (B)(2) of this rule.
 {¶ 77} In addition, Civ. R. 37(B) provides, in part:
 {¶ 78} "(2) If any party or an officer, director, or managing agent of a party or a person designated under Rule 30(B)(5) or Rule 31(A) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (A) of this rule and Rule 35, the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 {¶ 79} "* * *
 {¶ 80} "(c) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]"
 {¶ 81} In regard to Civ. R. 37, the Supreme Court of Ohio has held "`[i]t is an abuse of discretion for a trial court to grant a default judgment for failing to respond to discovery requests when the record does not show willfulness or bad faith on the part of the responding party.'" State ex rel. Dispatch Printing Co. v. Johnson,106 Ohio St.3d 160, 2005-Ohio-4384, at ¶ 49, quoting Toney v. Berkemer (1983),6 Ohio St.3d 455, syllabus. Also, this court has held, "`the granting of a default judgment, analogous to the granting of a dismissal, is a harsh remedy which should only be imposed when "the actions of the defaulting party create a presumption of willfulness or bad faith."'" *Page 19 
(Citations omitted.) Zimerman v. Group Maintenance Corp., 11th Dist. No. 2003-A-0105, 2005-Ohio-3539, at ¶ 21.
 {¶ 82} The trial court found that Fleming did not act in bad faith by failing to appear for his deposition. The trial court found that Fleming's failure to appear at the deposition was a result of his nonreciept of the deposition notice or, in the alternative, his excusable neglect as a result of the mail scam.
 {¶ 83} In addition, the trial court found the Millers failed to comply with Local Rule 9.07 of the Trumbull County Court of Common Pleas. This rule provides:
 {¶ 84} "Counsel are encouraged to cooperate in pre-trial discovery procedures to reduce, in every way possible, the filing of unnecessary pretrial motions. To curtail undue delay in the administration of justice, no discovery motion filed under Rules 26 through 37 of the Rules of Civil Procedure, to which objection or opposition is made by the responding party, shall be taken under consideration by the court unless the party seeking discovery shall first advise the court, in writing, that after sincere attempts to obtain voluntary compliance by the responding party, they are unable to reach an accord. This statement shall recite those matters which remain in dispute and specify precisely those steps which have been taken by the party seeking discovery to obtain voluntary compliance. It shall be the responsibility of counsel for the party seeking discovery to initiate efforts and resolve any dispute before seeking the court's intervention."
 {¶ 85} In this matter, the Millers did not present any evidence that they attempted to contact Fleming after he did not appear for his deposition and prior to filing their motion for default judgment. *Page 20 
 {¶ 86} The trial court did not abuse its discretion by holding that the Millers were not entitled to default judgment against Fleming for the alleged discovery violation.
 {¶ 87} The Millers' fourth assignment of error is without merit.
 {¶ 88} The judgment of the trial court is affirmed as it relates to Fleming. The judgment of the trial court is reversed as it relates to Sun Castle. This matter is remanded for further proceedings consistent with this opinion.
MARY JANE TRAPP, J.,
MARY DeGENARO, J., Seventh Appellate District, sitting by assignment, concur.
[1] This motion was not ultimately ruled on until April 3, 2007. *Page 1