[Cite as *In re K.F.*, 2025-Ohio-759.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| In the Matter of: | : | |
| | : | Case No. 23CA4017 |
| K.F. | : | |
| | : | |
| Minor Child – Custody. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| | : | |
| | : | **RELEASED: 02/28/2025** |

<u>APPEARANCES:</u>

Matthew F. Loesch, Portsmouth, Ohio, attorney for appellant.

Matthew Wisecup, Greenup, Kentucky, attorney for appellee.

Wilkin, J.

{¶1} Appellant-Mother, Kristina King, appeals a judgment of the Juvenile Division of the Scioto County Court of Common Pleas ("Scioto County Juvenile Court") that granted custody of her child, K.F., to Father-Appellee, Gregory Martin, and restricted Mother's parenting time to supervised visits in the state of Arkansas. In Mother's sole assignment of error, she claims the trial court abused its discretion by (1) failing to properly consider and weigh the best interest factors, (2) giving undue weight to the child's wishes in determining custody, and (3) severing her parental link with her child. However, while this appeal was pending, the minor child at issue turned 18 years old; thus, making this appeal moot. Accordingly, the appeal is dismissed.

FACTS AND PROCEDURAL BACKGROUND

{¶2} Mother and Father had K.F. out of wedlock on January 17, 2007. On February 2, 2010, Father filed a petition to establish visitation rights with K.F. Initially, the parties agreed regarding custody and the trial court ordered that Mother shall be designated the custodial parent and Father shall have parenting time every other weekend. Subsequently, Mother moved to Kentucky and Father moved to Arkansas. During the summer of 2020, while K.F. was visiting her father in Arkansas, she expressed concerns about her mother physically abusing her and her stepfather sexually abusing her. K.F. also indicated the existence of drugs and/or paraphernalia within Mother's home.

{¶3} On August 11, 2020, the Kentucky Cabinet for Health and Family Services (Kentucky Cabinet) opened an investigation regarding the concerns of abuse against K.F. Father also filed an emergency motion for custody in the Commonwealth of Kentucky, Boyd Circuit Court Division I ("circuit court"), which was granted.

{¶4} In response, Mother filed an emergency motion in the Scioto County Juvenile Court to stay the proceedings in Kentucky because it did not have jurisdiction and further to hold Father in contempt for his failure to abide by the Scioto County Juvenile Court's custody orders. Father then filed a "Motion for Change of Parental Rights and Responsibilities" in the Scioto County Juvenile Court informing the court about the child's allegations of abuse and the ongoing investigation of Mother and her husband, Richard King, with the Kentucky Cabinet.

{¶5} In the meantime, the circuit court determined that the juvenile court in Scioto County, Ohio, had jurisdiction over the custody issue and dismissed the pending case between Mother and Father.  Because the Father still would not return the child to Mother, she filed for an ex parte emergency order for the return of the child in the Scioto County Juvenile Court.  A temporary orders hearing was held on August 31, 2020, as well as an in-camera interview of the minor child.  The Scioto County Juvenile Court granted temporary custody to Father and granted Mother liberal visitation.

{¶6} Subsequently the parties' filed cross-motions to modify the temporary orders.  The trial court conducted a hearing on November 20, 2020, and a second interview of the minor child.  The trial court found:

> that there are serious allegations by the child against the mother and the step-father, that the child protection services departments in two states (Kentucky and Arkansas) find the child's allegations to be credible, that the mother does not give the child's allegations any consideration as she believes them to be false, that the mother refused to enter into a safety plan or otherwise protect the child from the child's step-father in the event she is wrong about her husband[.]
> ******
> The Court concludes from the testimony that the child will be unnecessarily placed at risk of harm if she returns to the mother's home and that the mother will not protect her if she returns.

{¶7} The Scioto County Juvenile Court continued the temporary custody of the child with Father and modified Mother's parenting time to being supervised by Father, stepmother, or other agreed upon party.

{¶8} On September 3, 2021, Mother filed a "Motion to Terminate Temporary Orders and for Attorney Fees."  In support of her motion, Mother

reported that the substantiated finding of abuse against her by the Kentucky Cabinet had been reversed.

{¶9} On March 29, 2022, a final hearing on all pending motions regarding the modification of parental rights and responsibilities of K.F. was conducted as well as a third in-camera interview of K.F. The Scioto County Juvenile Court found that the best interest factors weighed heavily in favor of Father, considering the child's wishes, interactions, and her adjustment to her environment. The Scioto County Juvenile Court further indicated that it was not bound by the Kentucky Cabinet's reversal of its abuse findings and determined that the stepfather's interactions were adverse to K.F.'s best interest. Additionally, the court found "that the incident between the child and the stepfather, and the child advancing from 3 years of age to age 16 is a change of circumstances sufficient to justify a change of custody[,]" and "the benefits of the change of custody outweigh any disadvantages." Therefore, the Scioto County Juvenile Court granted Father's motion for custody and designated him the residential parent and legal custodian of K.F. Mother was granted liberal video visits with K.F. and supervised parenting time to take place in Arkansas.

{¶10} Mother now appeals from the Scioto County Juvenile Court's judgment and raises one assignment of error for our review.

ASSIGNMENT OF ERROR

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DETERMINED THAT A MODIFICATION OF CUSTODY WAS IN THE MINOR CHILD'S BEST INTERESTS.

**{¶11}** Mother argues that the trial court abused its discretion in awarding Father custody because it failed "to properly evaluate and consider Ohio's best interest factors *** when it failed to give any consideration that Father's allegations of abuse were found to be unsubstantiated by the Kentucky Cabinet[.]"  Therefore, Mother requests that we reverse the trial court's decision.

**{¶12}** Father responds by arguing that the trial court's decision was well-supported by evidence, including the child's consistent wishes and best interest factors.  Thus, the Scioto County Juvenile Court's decision should be affirmed.

Law and Analysis

**{¶13}** "The role of courts is to decide adversarial legal cases and to issue judgments that can be carried into effect."  *Cyran v. Cyran*, 2018-Ohio-24, ¶ 9, citing *Fortner v. Thomas*, 22 Ohio St.2d 13, 14 (1970).  Therefore, "[c]ourts should 'not * * * give opinions upon moot questions or abstract propositions, or * * * declare principles or rules of law which cannot affect the matter in issue in the case before it.' "  (Ellipsis sic.)  *Jones v. Jones*, 2021-Ohio-1498, ¶ 53 (4th Dist.), quoting *Miner v. Witt*, 82 Ohio St. 237, 238 (1910).  And "[a]n issue becomes moot when it is or has 'become fictitious, colorable, hypothetical, academic or dead.' "  *Id.*, quoting *Culver v. Warren*, 84 Ohio App. 373, 393 (7th Dist. 1948).

> [t]here are exceptions to the mootness doctrine, such as when issues are "capable of repetition, yet evading review." See *State ex rel. Beacon Journal Publishing Co. v. Donaldson* (1992), 63 Ohio St .3d 173, 175, 586 N.E.2d 101. "[T]his exception applies only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State ex rel. Calvary v. Upper Arlington* (2000), 89 Ohio St.3d 229, 231, 729 N.E.2d 1182; see,

> also, *State ex rel. White v. Kilbane Koch,* 96 Ohio St.3d 395, 2002-Ohio-4848, 775 N.E.2d 508. The Supreme Court of Ohio has recognized two other exceptions to the mootness doctrine: (1) when the issue involves "a matter of great public interest," or (2) when "there remains a debatable constitutional question to resolve." *Franchise Developers, Inc. v. Cincinnati* (1987), 30 Ohio St.3d 28, 505 N.E.2d 966, paragraph one of the syllabus; see, also, *State ex rel. White.*

*McClead v. McClead*, 2007-Ohio-4624, ¶ 15 (4th Dist.).

**{¶14}** " 'It is well-settled that a court generally lacks subject matter jurisdiction to modify parental rights and responsibilities after a child has been emancipated.' " *Schumann v. Schumann*, 2010-Ohio-5472, ¶ 17 (8th Dist.), quoting *DiFranco v. DiFranco,* Cuyahoga App. No. 87269, 2006-Ohio-5010 (8th Dist.). Therefore, when a parent appeals a custody decision by the trial court, but the child reaches the age 18 and therefore is emancipated during the pendency of the appeal, the appeal is moot and should be dismissed. *Dahmen v. Dahmen*, 2008-Ohio-2129, ¶ 9 (11th Dist.). *See also In Re A.G., 2014-Ohio-2597*, ¶ 35-37 ("In light of A.G. reaching the age of majority in December 2013, the substantive issues that were the subject to the November 2011 hearing are moot")

**{¶15}** During the pendency of this appeal, K.F. turned 18 years old. Thus, courts no longer have jurisdiction over K.F. for purposes of awarding custody. Therefore, we cannot order any practical relief to remedy Mother's complaint that the court abused its discretion in granting Father's motion for custody and restricting her parenting time. Additionally, our review of the record does not indicate that any of the limited exceptions to the mootness doctrine apply in this case. Accordingly, the appeal is hereby dismissed.

CONCLUSION

{¶16} Mother's appeal is dismissed since the minor child at issue has

reached the age of majority.

**APPEAL DISMISSED.**

## <u>JUDGMENT ENTRY</u>

It is ordered that the APPEAL BE DISMISSED and appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas, Juvenile Division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Hess, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy S. Wilkin, Judge


## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**